**GLADYS G. WILLIAMSON v. J. KENNETH WILLIAMSON**

14 So. (2nd) 712             June Term, 1943
August 3, 1943             En Banc

*Beall·& Farish, Marshall B. Wood* and *Vincent C. Giblin,* for appellant.

*Earnest, Lewis & Smith,* for appellee.

PER CURIAM:

Gladys G. Whaley and J. Kenneth Williamson, residents of Palm Beach County, Florida, on July 24, 1937, were married in Atlanta, Georgia. They returned to West Palm Beach and established a home, where they cohabited as husband and wife, until July 18, 1941, when the husband left the home and obtained quarters at a hotel, and later moved into an apartment. The wife was dependent on the husband for her support and maintenance. She applied to the Court for an order requiring the husband to contribute to her support. The financial ability of the husband is not challenged. An order was entered on February 12, 1942, awarding temporary counsel fees in the sum of $500.00; the sum of $1,100.00 as alimony for that period between July, 1941, and January, 1942; and the sum of $200.00 per month thereafter until a further order of the Court.

The parties litigant, by appropriate pleadings filed in the cause, charged each other with extreme cruelty and each sought a divorce, when the case was by an order of the chancellor referred to an examiner with directions to take such evidence as desired by the parties to be offered and certify the same to the Court for a ruling and disposition on final hearing. Approximately 1;000 pages of testimony were adduced, numerous exhibits filed, and the testimony of several witnesses residing beyond the jurisdiction of the Court was taken by deposition and now appears in the record.

On January 19, 1943, the chancellor, by a final decree, disposed of the cause viz: (1) the parties were divorced from each other; (2) Gladys G. Williamson was ordered to return to her former husband policies of insurance; (3) the household furniture was awarded to Gladys G. Williamson; (4) J. Kenneth Williamson was required to pay Gladys G. Williamson the sum of $150.00 per month for a period of nine months only; and after the expiration of the nine months he was to pay her the sum of $75.00 per month for nine months

only; and thereafter no other or further alimony should be required or exacted of J. Kenneth Williamson; (5) J. Kenneth Williamson was ordered to pay as counsel fees to the attorneys of record of Gladys G. Williamson the additional sum of $1,000.00. Gladys G. Williamson has perfected her appeal therefrom to this Court.

Counsel for appellant pose for adjudication on this appeal four questions based largely on the decree appealed from. Counsel for appellee, by brief filed and in oral argument at the bar of this Court, submit the cause to this Court on the four questions submitted by counsel for appellant. Possibly the essential questions for disposition raised by counsel for appellant requiring a consideration of the entire record is viz: Is there in the record (in the absence of a finding that the plaintiff-wife was at fault and in the absence of a finding that the equities of the cause are with the defendant-husband) any proper basis for the cruel and unconscionable alimony provisions of the final decree?

In the case of Gregg Maxcy, Inc., v. Bateman, 119 Fla. 490, 160 So. 745, this Court approved and commended a chancellor in making decretal findings in an equity cause. We adhere to and reaffirm this ruling, but a failure on the part of a chancellor to make such specific findings of fact in an equity suit is not reversible error. Authorities supporting counsel's contention have not been cited.

It is next contended that the rule showing an abuse of discretion on the part of the chancellor when considering the disputes and conflicts in the testimony and entering the challenged decree, does not apply in the case at bar, because the witnesses did not personally appear before the chancellor, nor did he have an opportunity to observe their conduct, candor or demeanor as witnesses on the stand, and the testimony having been taken before an examiner and read by the chancellor, the probative value thereof is not great.

Our answer to these several contentions is found in the one thousand pages of testimony appearing in the record. Counsel for the parties, during oral argument at the bar of this Court, frankly admitted that a considerable portion of the testimony threw but little, if any, light on the contro-

360

versy, was not germane to the issues, was irrelevant and should never have been placed in the record. We agree to the statement as made by counsel, but many hours have been unnecessarily consumed by this Court in considering the large record. We find much evidence in the record to support the findings of the chancellor. It is our conclusion that the decree should be affirmed, without prejudice to the appellant to apply, prior to the expiration of the eighteen months' period provided for in the decree, to the chancellor for an order requiring additional payments of alimony to be made by the appellee. The sum of $300.00 is awarded to counsel for appellant for service rendered incident to this appeal. All costs of the suit are to be taxed against the appellee.

The decree appealed from is hereby affirmed as above modified.

It is so ordered.

BUFORD, C. J., TERRELL, BROWN, CHAPMAN and ADAMS, JJ., concur.

THOMAS, J., dissenting.

SEBRING, J., not participating.