## GLADYS G. WILLIAMSON v. J. KENNETH WILLIAMSON

22 So. (2nd) 578          June Term, 1945

June 15, 1945          En Banc

Rehearing denied July 10, 1945

*Jos. D. Farish, Marshall B. Wood* and *Rogers, Morris & Griffis,* for appellant.

*Earnest, Lewis & Smith,* for appellee.

TERRELL, J.:

This suit is symbolic of a phenomenon new in the law of domestic relations but growing in frequency, a chain divorce suit dealing with a chain marriage. This is the third time it has reached this Court and the only question we are admonished to illuminate is a controversy between counsel as to what we decided in our former adjudications.

The first appeal was from a final decree granting a divorce and awarding alimony in the sum of $150 per month for nine months and then $75 per month for nine months more. There was no finding as to which spouse got tough. On appeal, we affirmed "without prejudice to the appellant to apply prior to the expiration of the eighteen months period provided for in the decree to the chancellor for an order requiring additional payments of alimony to be made by the appellee." Williamson v. Williamson, 153 Fla. 357, 14 So. (2nd) 712.

Relying on this Court's order, appellant seasonably filed her bill for additional alimony. Appellee's motion to dismiss was overruled but on appeal to this Court by certiorari, the latter judgment was quashed, this Court saying in part, "the door was left open so that she may enter, within the eighteen months period, and apply for additional payments of alimony

to be made after the expiration of the eighteen months. She is not precluded from applying within the eighteen months period for additional sums with which to defray costs of medical treatment or a surgical operation upon her body, the merits of the application to be considered upon the showing made." Williamson v. Williamson, 154 Fla. 200, 17 So. (2nd) 78.

Relying on the latter order, appellant again filed her petition for additional payments of alimony and with it a petition for temporary alimony, attorneys' fees, and suit money. Both petitions were dismissed and we are now confronted with an appeal from the order of dismissal.

These adjudications gave both parties to understand that on proper showing made, appellant could apply for and secure such additional allowances for alimony as the chancellor might think mete and proper under the circumstances. If apellant is shown to be without means, temporary alimony, attorneys' fees, and suit money would follow.

The chancellor did not indicate why he cut off alimony at the end of eighteen months so we may place our own interpretation on the record as to this. The parties to the cause were shown to be very highly respected; he was a very reputable attorney and she was a very reputable hygienist. Both had jounced over the matrimonial highway before and had acquired some rather opulent habits that they seemed able to pay for. As a sample of hers, she insisted on sending a son by a former marriage to Groton. This was also a sample of her indiscretion which he stood up like a man and gratified for a season, but eventually he found refuge in Proverbs 21:9, and took up his abode in an inn rather than "in the corner of the housetop."

He was not inveigled or wheedled into the snare in which he found himself. She hung out as many red lights to "caution" as a vigilant policeman would place around an open manhole to warn pedestrians. He knew that her hands were allergic to dishwater and dirty clothes, two very essetial adjuncts to any well ordered household. He knew she had a yen for the luxuries and he was on notice that lean years do not usually suppress a bourbon taste. Both were on

notice that they would soon convoy the "after you, my dear Alphonse" phase of the honeymoon into the give and take phase and that only a fine spirit of concession would keep that from being a potential boxing bout. A wooer of course has his option to ignore such "cautions" but when he does, he is estopped to raise them in support of a claim for divorce or one to resist alimony.

As to why the chancellor cut off alimony at eighteen months, it may be that he considered both parties responsible for their disagreement and that alimony should be extended no longer than it would take appellant to settle her nerves and reorientate herself in her former business. She abandoned her profession and her income for the marital experiment and since this turned out to be a fiasco, it is not unreasonable that alimony be extended to this extent. We can think of other reasons that may have actuated the chancellor but we see equity enough to uphold him for any of them.

We think the petition in this case states a cause of action for the purpose filed; and that it is within the contemplation of our former holdings. The order appealed from is therefore reversed with directions to reinstate the petition.

Reversed.

CHAPMAN, C. J., concurs.

BROWN, THOMAS and SEBRING, JJ., agree to conclusion.

BUFORD and ADAMS, JJ., dissent.

BUFORD, J., dissenting:

This appeal brings for review order dismissing petition for additional alimony, suit money and money allegedly required for payment of the expense of surgical operation and medical treatment.

There is no material difference between the allegations of the petition here under consideration and that which was involved in certiorari proceedings in which this Court entered its order on February 22, 1944 in which we quashed the order of the circuit court denying the motion of respondent to dismiss the petition then before the court.

No material new or different matters or conditions are presented.

The order dismissing the petition should be affirmed.

ADAMS, J., concurs.