**PAULINE C. KNOX v. WILLIAM J. KNOX**

31 So. (2nd) 159
June 27, 1947
Rehearing denied July 25, 1947

June Term, 1947
En Banc

*Nestor Morales,* for appellant.

*Katzentine & Gramling* and *J. Lewis Hall,* for appellee.

CHAPMAN, J.:

Challenged on this appeal is a final decree entered in the court below which (1) dissolved the marriage between the parties; (2) granted to the wife the sum of $60.00 per month as permanent alimony for a period of five years; (3) required the husband to pay to the wife's attorney a fee for the handling of the litigation in her behalf in the sum of $1,000.00; and (4) to pay all court costs, inclusive of the Special Master's fee. The wife has perfected her appeal here and contends (a) that the final decree should recite in whose favor the decree was entered in the court below; (b) that the sum of $60.00 per month as permanent alimony is an inadequate amount in light of the entire property holdings of her divorced husband; (c) that the sum of $1,000.00 allowed in the court below as an attorney fee for the wife is not only an inadequate amount but the facts appearing in the record when properly considered will sustain a much larger sum as counsel fees.

Counsel for appellant contends that the portion of the final decree entered below divorcing the parties should be reversed because of uncertainty or lack of definiteness in findings of fact in that it failed to recite for whom or against whom the divorce decree was entered. Our holding in Sahler v. Sahler, 154 Fla. 206, 17 So. (2nd) 105, is cited and relied upon by counsel as authority for his contention. We fail to find merit in this assignment. Section 65.08 Fla. Stats. 1941, (FSA) provides that in every decree for divorce the court shall make appropriate orders for alimony and suit money for the wife which the circumstances of the parties and the "nature of the case may be fit, equitable and just." The decree complained of granted the wife alimony, suit money, court costs and attorney fees. When the conditions of the final decree are considered in light of the entire record the conclusion is inescapable that the divorce decree was in favor of the wife.

It is next contended that alimony in the sum of $60.00 per month is totally inadequate to support the wife and the limitation of payment thereof to a period of five years after date of the final decree is not sustained by the authorities. The case of Williamson v. Williamson, 153 Fla. 357, 14 So. (2nd) 712, is cited to sustain this view. For subsequent appearances of the same case see 154 Fla. 200, 17 So. (2nd) 78; 156 Fla. 89, 22 So. (2nd) 578. We think there is merit in the contention and we find no reasonable basis in the record for limiting the payment of alimony to the wife for a period of five years after the date of the final decree, regardless of several holdings in the Williamson case.

The amount of the monthly payment of alimony under our adjudications turns on the necessities of the wife and the financial ability of the husband. The record discloses that the husband is in his early sixties and the wife is in her middle forties. Each enjoyed reasonably good health until about the time this litigation started in the lower court. The husband is shown to have had a happy married life for some twenty odd years with his first wife prior to her death. The appellant wife is shown to have married in early life and had two children, and the first husband deserted his family. The wife obtained work and earned money for herself and deserted children. The wife had some money and bought some property after moving to Miami. The parties to this suit lived together for approximately twenty months. The wife was not trained to make her own living, while the husband is shown to be a civil engineer.

The record discloses that the husband, during the period of his first marriage, bought a small bungalow situated in the City of Miami in which he and his first wife lived as a home. He constructed a building on a part of the home lot and rented it for $75.00 per month. He is shown to have some $10,000.00 or $11,000.00 in cash and his net earnings were about two or three hundred dollars per month from his business, as shown by his income tax reports for the years of his marriage to the appellant. For the purpose of increasing in this court the cost of the monthly allowance for permanent alimony and an additional allowance for counsel fees above the $1,000.00

allowed below, it is pointed out that the husband is worth approximately $30,000.00 and the allowance of $60.00 per month is but little more than charity for the wife and a large record consisting of some four or five hundred pages sustains the contention of appellant for additional counsel fees.

It appears that counsel for appellant has overlooked material evidence which was carefully considered in the lower court prior to the entry of the challenged decree. As shown by the record, prior to the marriage at a time when the appellee was in hot pursuit of the appellant, he gave her certain items of jewelry viz: (a) $250.00 for a watch; (b) $250.00 for an engagement ring; (c) $250.00 for a set of pearls; (d) one ring $1,000.00; (e) a second ring $1,400.00, a total amount of $3,150.00. Appellee asserts that additional to the above gifts his wife made four trips to her former home in New Jersey and each of these trips cost him approximately $500.00, and that she took from his safe the further sum of $500.00. Appellee points out that the jewelry has increased in value along with his real estate holdings.

The husband's bill of complaint sought a divorce from the wife on two grounds: (1) the defendant wife was guilty of extreme cruelty toward the plaintiff; (2) the defendant wife habitually indulged in a violent and ungovernable temper. It charges the commission of the aforesaid acts during the twenty months' period of cohabitation between the date of marriage on December 14, 1944, and the date of separation on August 28, 1946. The wife's answer denied the charges of the plaintiff and in a counter claim charged that the husband was guilty of extreme cruelty toward her and on said ground prayed for a decree of divorce. On these issues between four and five hundred pages of testimony were taken by the parties. The writer has carefully read every word of this transcript. The pertinent, material and relevant testimony to the issues made by the pleadings could easily have been embraced in one hundred pages if counsel had observed and followed the rules of evidence. It does appear that counsel lost sight of the issues made by the pleadings and went far afield in adducing testimony that threw no light whatsoever on the controversy,

thereby adding to the heavy cost of the litigation and unnecessarily increasing the labors and burden of a busy court.

Rules 11 and 12 of this Court applicable to appeals and preparation of transcripts of records authorize counsel by stipulation to bring to this Court only such pertinent and relevant portions of a record as may be essential and necessary for the adjudication by this Court of the questions of law in controversy. Likewise the material and relevant portions of the stenographic report of the proceedings of the trial in the court below can be made the subject of such an agreement. It is the Court's desire that counsel of record in preparing records for this Court to avail themselves of the opportunity as set forth in our rules to reduce the size of the transcript by stipulation or agreement. It is within the prerogative of this Court, when records filed here disclose a violation of our rules, to order the filing of an amended transcript, even though the case has been submitted to the Court on oral argument, or in cases of flagrant violation the Court may *ex mero motu* dismiss the appeal.

Appellant's petition for counsel fees in this Court is hereby granted and the amount thereof fixed at the sum of $250.00. The monthly allowance of permanent alimony is raised from $60.00 to $75.00 per month, and the five year limitation period of the final decree is deleted and the words "until the further order of the court" substituted therefor. The lower court shall retain jurisdiction of the cause and by appropriate orders or decrees, from time to time, to either decrease or increase the monthly allowance of alimony as changed conditions, if any, may require.

The final decree appealed from is modified as above set forth and as so modified stands affirmed.

THOMAS, C. J., TERRELL and BUFORD, JJ., and WILLIAMS, Associate Justice, concur.

ADAMS, and BARNS, JJ., dissent.

BARNS, J., dissenting:

I find no error in the Chancellor's decree and believe it should be affirmed without modification—It appears he has done substantial justice.