112 So.2d 581 (1959)
Elsie Frances SLIMER, Appellant,
v.
Harold SLIMER, Appellee.
No. 796.
District Court of Appeal of Florida. Second District.
May 1, 1959.
Bussey & Simmons, St. Petersburg, for appellant.
Wm. C. Kaleel and Luke R. Kaleel, St. Petersburg, for appellee.
DREW, E. HARRIS, Associate Judge.
The evidence in this divorce case is voluminous and conflicting; neither of the parties can be said to be entirely free of fault. Nevertheless, insofar as the decree relates to the case on its merits, appellant has not shown, as she must, that the chancellor erred in awarding a divorce to the husband.
The custody of the two children, aged five and two, was awarded to the wife and the husband was required to pay her the sum of $70 per week ($35 per week for each child) for the support of said children until the further order of the court. Permanent alimony was denied but the husband was required to pay her the sum of $200 per month for a period of eighteen months after the entry of the decree or until the date of her remarriage, whichever should first occur, to "help the wife to rehabilitate herself from an earning standpoint."
If we were here concerned with a marriage of comparatively short duration which did not involve minor children, such, for instance, as the Supreme Court was *582 concerned with in the Williamson case[1] we would not be inclined to disturb the decree of the chancellor with reference to his award to the wife for her rehabilitation. Such, however, is not the situation presented by this record. Here we are confronted with a marriage extending over a period of nearly five and a half years and two small children which were the product of it. We are concerned here not only with the problem of the husband and wife but the welfare and future of the two minor children who, though not actual parties to this proceeding in its technical sense, are to all practical purposes at this point in the litigation at least, the real parties in interest. The marriage has been terminated by the decree but this does not necessarily mean that the family unit is ended. The chancellor, by awarding the custody of the two minor children to the wife, found her to be a fit and proper person to rear these children. The cases are legion holding that, in circumstances such as this, the proper place for children of tender years is in the home of the mother. If it can be avoided she should not be required (as she shortly would be under the questioned decree) to leave the household and procure employment. The children are entitled to be reared in a home as a part of a family and under circumstances conforming reasonably with the mode of living that the husband has set for himself.[2] These circumstances and requirements may vary from time to time but that is a matter which can be and usually is adjusted by the chancellor under his power to reserve jurisdiction of such a cause. The husband is a man of considerable wealth, owning and operating a successful and profitable business in the City of St. Petersburg and enjoying a large income. He owns extensive capital assets and during the period of the marriage the parties enjoyed a high standard of living.
For the reasons which we have stated, we must hold that the chancellor abused his discretion when he failed to award permanent alimony to the wife. As reluctant as we are to interfere with the conclusions of chancellors in cases of this kind, we must and do reverse that portion of the final decree with directions to reconsider the evidence in this cause and to make a suitable award to the wife as permanent alimony and for support of the children. In connection therewith, the chancellor may reconsider the question of child support fixed in the decree appealed from and make an award both for child support and permanent alimony as will be consistent with the needs of the wife and the children and which will conform reasonably with the mode of living that the husband has set for himself.
Affirmed in part, reversed in part.
KANNER, C.J., and ALLEN, J., concur.
NOTES
[1] Williamson v. Williamson, 156 Fla. 89, 22 So.2d 578.
[2] Astor v. Astor, Fla. 1956, 89 So.2d 645.