120 So.2d 186 (1960)
Molka Relch BARE, Appellant,
v.
Kenneth E. BARE, Appellee.
No. 59-85.
District Court of Appeal of Florida. Third District.
May 2, 1960.
Rehearing Denied May 27, 1960.
Ginsberg, Steinberg & Pollack, Miami, for appellant.
Ross & Reinhardt, Miami, for appellee.
*187 PEARSON, Judge.
The wife, plaintiff in an action to specifically enforce the property provisions of a separation agreement, appeals from a final decree of divorce granted to the husband upon his counterclaim. The errors assigned are directed to the alimony provision of the final decree and the settlement of costs. The parties were married in 1946 and separated in 1955. At the time of their separation they entered into an agreement, which reads as follows:
"This Agreement made and entered into this 18th day of August, 1955, by and between Molka Bare and Kenneth Bare, provides as follows:
"(1) That the said Kenneth Bare will pay to Molka Bare the sum of One thousand ($1,000.00) dollars each year, at the rate of One hundred ($100.00) dollars per month for ten months of each year commencing September 1, 1955. Such payments shall be for the remainder of the life of said Molka Bare or until such time as she may remarry.
"(2) It is understood and agreed between the parties that the residence and furnishings therein, at 6211 S.W. 20th Street, Miami, Florida, heretofore occupied by the parties hereto, shall be the sole property of Molka Bare and the said Kenneth Bare agrees to sign a deed for conveying such property at anytime such request is made upon him by the said Molka Bare. The said Kenneth Bare hereby relinquishes all claims to any household goods, furniture or chattels or any interest in said house located as above stated, except the Magnavox Radio Phonograph which is to be returned to the said Kenneth Bare when the house is sold or upon mutual agreement.
"(3) Mr. Kenneth Bare hereby states that he now holds a Service Life Insurance Policy in the amount of Ten thousand ($10,000.00) dollars in which Mrs. Molka Bare is named as first beneficiary and the said Kenneth Bare hereby expressly agrees to retain Molka Bare as such beneficiary in the said policy and to keep said policy current. This particular provision is also dependent upon the said Molka Bare not remarrying and in the event of her remarriage, this provision shall be null and void and of no effect."
The terms of this agreement were carried out for several years. During this time the husband and wife by mutual consent lived separately although the agreement did not provide that they should do so. Beginning in the month of March, 1958, the husband declined to make the support payments provided under the agreement. Thereafter in July of the same year the wife filed a complaint in chancery which prayed that the court "grant to the plaintiff a reasonable award for her support and maintenance." The defendant-husband filed an answer to the complaint and a counterclaim for divorce. The plaintiff-wife filed her answer to her husband's counterclaim and amended her complaint to pray that a divorce be granted to her. The cause being in issue on the two claims for divorce and the respective answers thereto the cause was referred to a commissioner or "special examiner"[1] for the purpose of taking testimony. The court entered its final decree based upon the testimony reported.
The final decree granted the divorce to the husband and awarded alimony in the amount of $100 a month for a period of six months. Upon this appeal the plaintiff-wife urges that the court erred in failing to give effect to the husband's obligation as set forth in the property settlement agreement.
*188 A chancellor's decree is generally presumed to be correct. E.g., Chase v. Cowart, Fla. 1958, 102 So.2d 147; Picchi v. Picchi, Fla. 1958, 100 So.2d 627. Nevertheless we approach the record in this case with greater latitude as to the determination of questions of fact than we would one reflecting the testimony taken either before the chancellor or a special master empowered to make findings of fact. See Martin v. Martin, Fla. 1953, 66 So.2d 268, 272; Harmon v. Harmon, Fla. 1949, 40 So.2d 209, 212.
Bona fide agreements between husband and wife for alimony made in contemplation of separation or during the continuance of an existing separation will be upheld. Hagn v. Viney, 124 Fla. 747, 169 So. 391; Gallemore v. Gallemore, 94 Fla. 516, 114 So. 371. It is clear the chancellor may refuse to enforce an agreement where competent evidence is shown that the agreement was obtained by fraud, deceit, duress, coercion or overreaching. See Cowen v. Cowen, Fla. 1957, 95 So.2d 584; Miller v. Miller, 149 Fla. 722, 7 So.2d 9.
The decree appealed is silent as to the basis upon which the chancellor found that the agreement between the parties for the payment of alimony should be superseded by an award of alimony for a limited time.[2] The appellee urges two possible grounds: 1) The chancellor found the agreement void because it was procured under duress, in that the husband was under such great emotional stress that he would have signed anything to be relieved. 2) The chancellor found the agreement contained no promise on the part of the wife to live separately from the husband.
A review of the record convinces us that neither of these positions can be sustained. As to the first, almost all settlements in domestic relation matters are entered during periods of stress. There is nothing in the record to even suggest that the defendant-husband was not fully capable of understanding the situation with which he was faced or that he was unable to exercise good judgment. Upon the second ground we find it is unnecessary for the validity of an agreement providing for support to an estranged wife that it provide for the continued separation of the parties. See Scott v. Scott, Fla. 1952, 61 So.2d 324.
Although we recognize that the courts may decree alimony for a limited time,[3] we conclude that the chancellor erred when he did not take into consideration the agreement which established the right of the plaintiff-wife to alimony and expressed the judgment of the parties as to an appropriate amount under their respective conditions at the time of the making of the agreement. Since the agreement is executory in nature, it may in the future be subject to modification pursuant to § 65.15, Fla. Stat., F.S.A. We therefore hold that the alimony provisions of the final decree appealed cannot stand and that this cause must be remanded to the chancellor for the entry of a proper award based upon the agreement.
We have examined the question as to the allotment of costs in this cause. In *189 this case the principal complaint of the appellant as to costs is that she should have been allowed additional sums for depositions taken for discovery and use in evidence. Section 58.13, Fla. Stat., F.S.A., provides for the allowance of the cost of depositions for discovery when the chancellor shall find that they are justified. No error has been demonstrated in the exercise of the chancellor's discretion.
Reversed in part and affirmed in part and remanded to the trial court for further proceedings in accordance with this opinion.
HORTON, C.J., and CARROLL, CHAS., J., concur.
NOTES
[1] See Powell v. Weger, Fla. 1957, 97 So.2d 617, for definition of term "special examiner".
[2] "This Cause coming on to be heard upon plaintiff's complaint, the answer and counterclaim for divorce of the defendant, and the plaintiff's answer to counterclaim for divorce and counterclaim for divorce on her behalf, and the Court having appointed Margaret W. Morrow as Commissioner, and having read the testimony taken before said Commissioner on the 4th day of December, 1958, and being fully advised in the premises; it is hereby

"Considered, Ordered and Decreed that a final decree of divorce a vinculo matrimonii be granted to the defendant, Kenneth E. Bare; and it is hereby further
"Considered, Ordered and Decreed that the plaintiff be awarded alimony in the amount of $100.00 a month for a period of six months."
[3] Williamson v. Williamson, 153 Fla. 357, 14 So.2d 712; Burns v. Burns, 153 Fla. 73, 13 So.2d 599.