CARROLL, Judge.
This is an appeal by the plaintiff below from a final decree of divorce. The wife sued for alimony unconnected with divorce, and the defendant husband counterclaimed for divorce. The cause was tried before the chancellor, and his final decree denied separate maintenance and granted the husband a divorce. The wife was awarded $18,000 lump sum alimony and certain attorney’s fees.
Appellant’s first contention is that the decree denying her suit for separate maintenance and granting a divorce to the husband on his counterclaim was without adequate support in the record, and that the husband’s testimony was without sufficient corroboration. Our examination of the record reveals adequate evidentiary support for the divorce decree, and we see no necessity to restate such evidence here.
Next, appellant argues it was an abuse of discretion to award lump sum alimony instead of alimony in periodic installments. The contention lacks merit. Upon decreeing a divorce the chancellor had discretion, in awarding alimony, to “order periodic payments, or payment in lump sum, or both.” § 65.08, Fla.Stat., F.S.A. Appellant’s argument on this point is that it was improper to allow lump sum alimony because her application for separate maintenance should have been granted, and on such a decree lump sum alimony would not be authorized. However, the chancellor denied the appellant’s application for alimony unconnected with divorce, and properly so as we held hereinabove, and the award of lump sum alimony was made upon granting a divorce, as authorized by the statute. This record discloses no basis to hold, as contended for by appellant, that a grant of lump sum alimony was not proper.
Appellant’s third contention, which is that the alimony allowed was inadequate, has merit. During the twelve years the parties were married, they lived in a manner befitting a family whose provider was a successful ladies’ dress manufacturer and who, upon selling out his business during that period, was worth over a quarter of a million dollars in liquid assets and the owner of a $30,000 home. The wife is in her fifties, and has had one operation for a cancer condition. The chancellor recognized her dependency on the husband for support, and held she was entitled to alimony. Under the facts and circumstances presented the award appears inadequate. For example, assuming the wife’s needs were for $250 per month (which is a conservative figure considering the established mode of living, and that she represented her needs to be several times that amount), the award made by the chancellor would be *498 exhausted in six years. There was no showing she would not need support longer, nor did the record show reason to terminate her support after such period.[1] For some years the wife has been receiving money from her deceased mother’s estate, at the rate of $183 per month, but that was to cease in 1965.
As to the worth of the husband, the record disclosed that at the time of the divorce he had approximately $150,000 in cash. Beyond that the attorneys for the parties were in disagreement as to the total worth of the defendant. However, the record shows that in addition to such cash he owned securities which made his total worth somewhere between $200,000 and the $400,-000 plus figure contended for by appellant’s counsel.
Determination of the amount of alimony is a matter within the sound judicial discretion of the chancellor, and one challenging an alimony allowance for excessiveness or for inadequacy has the burden of demonstrating an abuse of discretion. See Pross v. Pross, Fla.1954, 72 So.2d 671; Lewis v. Lewis, Fla.App.1958, 104 So.2d 597; Bergh v. Bergh, Fla.App.1964, 160 So.2d 145. We feel the appellant has met that burden by showing, among other things, that although she was held to be entitled to alimony, the lump sum awarded would support here for only five or six years. Her age and life expectancy was such as to require longer and more adequate support, either by an allowance of alimony in regular installments or by lump sum to support her for the period of her life expectancy. The husband’s financial status appeared to be sufficient for that.
We hold, therefore, that the $18,000 lump sum award of alimony was inadequate and reverse that portion of the decree, remanding the cause to the circuit court with directions to the chancellor to increase the allowance by such amount as he may determine proper, consistent with the views here expressed, with or without the taking of further testimony thereon as the chancellor may determine. Such revision of the alimony allowance, following remand of this cause to the circuit court, may be by replacing the lump sum award by providing for alimony to be paid in installments; or by increasing the lump sum allowance by an amount arrived at upon consideration of the facts of the case as they bear on the needs of the wife, including her age and expectation of life; balancing the relevant factors relating to her needs against the financial status of the husband and his ability to respond to an award in gross. See Yandell v. Yandell, Fla.1949, 39 So.2d 554, 556.
For the reasons stated the decree appealed from is affirmed except as to the award of alimony, as to which the decree is reversed and the cause remanded for further proceedings as above directed.
Affirmed in part and reversed in part and remanded.

. Compare Williamson v. Williamson, 153 Fla. 357, 14 So.2d 712; 154 Fla. 200, 17 So.2d 78; 156 Fla. 89, 22 So.2d 578, in which a decree ordering alimony to be paid for a limited period (18 months) was affirmed, where the record showed reason to so terminate it; and Knox v. Knox, 159 Fla. 123, 31 So.2d 159, 160, in which the Supreme Court disapproved an allowance of alimony for only a limited period because there was “no reasonable basis in the record for limiting the payment of alimony to the wife for a period of five years after the date of the final decree, regardless of our several holdings in the Williamson case.”