186 So.2d 552 (1966)
Betty Lou PEMELMAN, Appellant,
v.
Charles R. PEMELMAN, Appellee.
No. 6172.
District Court of Appeal of Florida. Second District.
May 20, 1966.
*553 Hal H. McCaghren, West Palm Beach, for appellant.
Walter R. Talley, Bradenton, for appellee.
SHANNON, Acting Chief Judge.
This is an appeal by the defendant-wife from a decree of divorce entered in favor of the plaintiff-husband, which decree incorporated the terms of a property settlement reached by the parties. The wife contends that it was error to admit the agreement into evidence and to incorporate it in the decree because it was inequitable, overreaching, fraudulent and procured by coercion. The agreement also provided that custody of the four minor children of the parties be with the husband, and this provision is also contested on appeal by the wife.
*554 This divorce action was commenced by the husband in April, 1964. The complaint made reference to the property settlement agreement, which had been signed earlier that month. At the divorce hearing there was evidence that the marriage had been in effect for eighteen years; that the husband and wife had operated several business ventures together; that all the business inventory and equipment were jointly owned as an estate by the entireties; that there were several parcels of real estate similarly owned; and that the value of all the property was disputed. The main parcel of real property was valued on the basis of just valuation at $27,000.00, but was encumbered by a $13,000.00 mortgage.
The wife attempted to show that the property settlement was inequitable, in that she relinquished her rights to valuable property for a small consideration. She stated that when the agreement was signed she was distraught, upset and in such a nervous state that she would have signed anything. She was not represented by an attorney at the negotiating or signing of the agreement, which was drawn up by her husband's attorney, in whose office it was signed.
There was evidence, however, that both the husband and his attorney repeatedly cautioned and advised the wife to secure legal counsel before signing the agreement, but that the wife refused. There is also evidence that the wife did not appear unduly nervous at the signing.
Following the presentation of evidence by both sides, the husband moved to reopen the testimony to allow the introduction into evidence of the property settlement, previously referred to and made the subject of testimony. Notice of the motion was served on the wife's counsel, but he waived appearance at the hearing. The agreement was therefore offered and admitted into evidence without objection.
There is no doubt that separation agreements executed by husband and wife prior to divorce will be respected by the courts, unless there has been fraud, overreaching or concealment. Sedell v. Sedell, Fla.App. 1958, 100 So.2d 639. The general rules relating to these agreements have been stated as follows.
In Miller v. Miller, 1942, 149 Fla. 722, 7 So.2d 9, the Supreme Court said:
"* * * Agreements made in good faith, free from fraud, deceit or trickery relating to alimony between husband and wife, or the adjustment of their property rights, though made in contemplation of divorce, can or may be sustained or upheld by the courts. * * *" Id. at 726, 7 So.2d at 11.
The Miller case, as well as Masilotti v. Masilotti, 1947, 158 Fla. 663, 29 So.2d 872, and Cowen v. Cowen, Fla. 1957, 95 So.2d 584, also hold that the burden is on the person seeking to set the agreement aside to establish by competent evidence that there was fraud, deceit, duress, coercion or overreaching. After our examination of the record and briefs in this case, we have no hesitation in affirming the chancellor, because the wife fell far short of the showing necessary to invalidate the agreement.
There is no basis here for shifting the burden to the husband to establish the validity of the agreement, as the Supreme Court did with the antenuptial agreement in Del Vecchio v. Del Vecchio, Fla. 1962, 143 So.2d 17. The situation there contemplated was one in which the woman had no knowledge of the husband's assets and no full and fair disclosure of his assets was made to her.
Here the wife, who had worked intimately in the husband's business for many years, was thoroughly acquainted with the amount and value of property involved. Therefore, the wife may not claim ignorance on her part, nor concealment or nondisclosure by the husband, as a vitiating element. Del Vecchio v. Del Vecchio, *555 supra; Cantor v. Palmer, Fla.App. 1964, 166 So.2d 466.
The appellant-wife has also argued that at the time she signed the agreement she was so upset she would have agreed to anything. There is, however, no claim or proof that she was mentally incompetent, or that she was not fully capable of understanding the situation or of exercising good judgment. "[A]lmost all settlements in domestic relations matters are entered during periods of stress." Bare v. Bare, Fla.App. 1960, 120 So.2d 186, 188. Particularly applicable to the instant case, in which the wife accepted $500.00 cash, plus $6500.00 to be paid in $75.00 per month installments, in addition to accepting a new automobile, all in lieu of alimony or support, is the Supreme Court's language in Miller v. Miller, supra:
"It is our conclusion that the appellant made a settlement with her husband of her alimony claims for an inadequate amount when considering the value of his property holdings at the time that the divorce decree was entered, but we fail to find evidence in the record sufficient to establish fraud, coercion, deceit or overreaching on the part of the husband as required by the decisions of this Court. She was mentally competent to engage counsel and file suit and later appeared in court and gave testimony to support the charges alleged as a basis for a decree. The decree was entered and she accepted the money as a full settlement. We are without authority under these circumstances to interfere. We fail to find reversible error in the record." 149 Fla. at 728, 729, 7 So.2d at 12.
In our preceding discussion, we have dealt with the validity of the agreement as a whole, and have found it to be valid. However, upon a careful reading of it, we have found that although the parties may have so intended and assumed, the agreement does not settle the rights of the parties in any of the personal property which, prior to the divorce, they had owned by the entireties.
We observe that the agreement states that it is to be in satisfaction of any claim of the wife for alimony or separate maintenance; that each party releases the other from any right, title, claim or interest which he or she may have in any property, real or personal, belonging to the other; that the real property owned in Glades County is to be sold with the proceeds paid to the wife and credited against the husband's $6,500.00 obligation to the wife; and that in consideration of the promises made by the husband, the wife agrees to deliver a quit claim deed conveying "her interest in and to any and all other real estate owned by the parties as a tenancy by the entireties." The agreement makes no mention of the personal property, which the testimony disclosed was also jointly owned by the husband and wife. Therefore, by operation of law, this property, upon divorce, vests in each of them as tenants in common. Fla. Stat., Sec. 689.15, F.S.A.; see Wilkerson v. Wilkerson, Fla. App. 1965, 179 So.2d 592.
As far as the custody of the children is concerned, we affirm the decree, but observe that the issue of custody is always subject to modification. In Sedell v. Sedell, Fla.App. 1958, 100 So.2d 639, 642, the court said:
"Provisions of a separation agreement or final decree relating to the support, care and custody of children are always subject to review and approval by the court, the guiding star being the best interest and welfare of the children."
At this point we have no reason to disturb the custody as previously agreed to by the parties and therefore we affirm that portion of the decree.
The decision appealed is therefore, in all respects, affirmed.
Affirmed.
LILES and HOBSON, JJ., concur.