McCAIN, Judge.
Plaintiff, Adjustment Specialists, Inc., appeals from a final order of the trial court dismissing its amended complaint with prejudice. We reverse.
Both plaintiff and defendant were corporations engaged in the general business of collecting debts.
The essential allegations of the amended complaint show that pursuant to a contingent fee contract with one of its clients, whereby plaintiff had right to collect, receive and possess checks or monies for itself and the client, plaintiff solicited payment from a debtor who issued a check payable to plaintiff in the amount of $10.00 noting thereon the applicable account. Through error the check was mailed to defendant who was also- soliciting payment from the debtor. Upon defendant’s receipt of the check, one of its employees endorsed thereon the name of the plaintiff, stamped the check for deposit only to the defendant’s account and duly deposited it. The check cleared in due course. The amended complaint alleged such action by defendant to be without authority and accomplished “knowingly, falsely, fraudulently and unlawfully”. Both compensatory and punitive damages are sought.
Upon motion to dismiss for failure to state a cause of action, the order of dismissal with prejudice was entered, followed by this appeal.
Plaintiff contends its amended complaint alleges a cause of action in (1) libel *445 and slander, (2) interference with business interests and contract, and (3) conversion.
We can find no fault in the trial court’s disposition of items (1) and (2),[1] but we do on item (3) because a cause of action for conversion is stated.
An action may be maintained for conversion of a check,[2] and initial physical possession thereof by the payee is not an absolute prerequisite.[3] It is rfot necessary for us to determine if a plaintiff may have a complaint for conversion based only on a right of possession or whether an interest in the property must also specifically appear, since the allegations subjudice satisfy both conditions.[4]
Punitive damages are allowable in conversion where the surrounding circumstances are such as to show fraud, actual malice, deliberate violence or oppression, such gross negligence as to indicate a wanton disregard for the rights of others, or where the wrong partakes of a criminal character.[5]
The allegations of general facts and circumstances herein are sufficient to come within the criteria warranting recovery of punitive damages, with the plea for same satisfying the jurisdictional requirements of the trial court.[6]
In appellee’s brief the statement of facts contains comment on the immediate steps taken by defendant-appellee, upon discovery of the error, to rectify the situation by offer to pay to' plaintiff the amount of the check. The record before us does not support this contention which is not surprising at the present stage of pleadings. We are committed to the view that well pleaded allegations of a complaint are taken as true for purposes of considering a motion to dismiss, with affirmative defenses to be asserted in the answer.[7]
We also point out appellant’s brief fails to relate any assignment of error to the several points relied on for reversal. Appellee has failed to challenge this. Fortunately for appellant our review of the record discloses the assignments upon which the one point deemed meritorious is argued.[8] Our appellate rules require that specific assignments of error relied upon for reversal be set forth following statement of the point urged in the argument portion of the briefs.[9] Substantial and reasonable conformity with these rules enables the appellate court to properly discharge its functions in an expeditious manner, the propriety of which is unquestioned when considering sound judicial administration and the rights of litigants.[10] Attention is invited to the authority of this court, *446 upon disclosure of such a violation of these rules, ex mero motu to order the filing of an amended brief or in cases of flagrant violation the dismissal of the appeal.[11] Exercise of this authority is not deemed warranted in this instance.
Accordingly, the cause is reversed and remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS and REED, JJ., concur.

. Adams v. News-Journal Corp., Fla.1955, 84 So.2d 549; Cooper v. Miami Herald Pub. Co., 1947, 159 Fla. 296, 297, 31 So.2d 382; Dade Enterprises v. Wometco Theatres, 1935, 119 Fla. 70, 160 So. 209; and Regan v. Davis, Fla.App.1957, 97 So.2d 324.

. 18 Am.Jur.2d, Conversion, § 18; 7 Fla. Jur., Conversion, § 5.

. L. & N. R.R. Co. v. Citiz. & Peoples Nat’l Bank, 1917, 74 Fla. 385, 77 So. 104; Valassakis v. State, Fla.App.1966, 187 So.2d 74; Klein v. Newburger, Loeb & Co., Fla.App.1963, 151 So.2d 879.

. See notes 2 and 3, supra; H. Bailey, Brady on Bank Cheeks, 3d Ed., § 3.7; Bank.L.J.Dig., Vol. 1, § 384; 18 Am. Jur.2d, Conversion, §§ 53, 54; 7 Fla. Jur., Conversion, §§ 18, 19.

. Doral Country Club, Inc. v. Lindgren Plumbing Co., Fla.App.1965, 175 So.2d 570; but see General Finance Corp. of Jacksonville, Inc. v. Sexton, Fla.App.1963, 155 So.2d 159.

. Anderson v. Burwell Motor Co., Fla.1954, 73 So.2d 822.

. Fletcher v. Williams, Fla.App.1963, 153 So.2d 759.

. Nelson v. State, Fla.App.1968, 208 So.2d 506.

. F.A.R. 3.7f (4), 32 F.S.A.

. Brooks v. Taylor, Fla.App.1965, 181 So.2d 190; Redditt v. State, Fla.1955, 84 So.2d 317.

. F.A.R. 3.17; Usher Garage & Taxi Serv. v. Zander, Fla.1949, 40 So.2d 575; Knox v. Knox, 1947, 159 Fla. 123, 31 So.2d 159.