287 So.2d 100 (1973)
Sheldon ZILBERT, Appellant,
v.
Sheri ZILBERT, Appellee.
No. 73-231.
District Court of Appeal of Florida, Third District.
December 21, 1973.
*101 Cypen & Nevins and Stephen H. Cypen, Miami Beach, for appellant.
Talianoff & Bader, Miami Beach, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PEARSON, Judge.
This is an appeal from the financial provisions of a final judgment of dissolution of marriage. There was one child, a girl, born to the marriage. At the time of the final judgment, the child was one and one-half years old. The mother received custody of the child, allowances for alimony, child support, lump sum alimony, and other equitable relief concerning a division of the joint assets of the parties. The former husband appeals and urges error as to the amount of the child support, the amount and period for which periodic alimony was allowed, a provision requiring the father to maintain two existing insurance policies, and the allowance of lump sum alimony.
We have examined each of the contentions made by the appellant and conclude that all of the trial judge's findings are supported by the evidence, and fall within the wide discretion allowed a trial judge in such matters, except as to (1) the amount and period for which the alimony was allowed, and (2) the amount of child support.
The trial judge's provision as to alimony is as follows:
"3. That SHELDON ZILBERT, Husband, is herewith directed to pay unto SHERI ZILBERT, Wife, rehabilitative alimony in the sum of $60.00 per week, commencing forthwith, and payable on Saturday of each and every week hereafter."
It is clear from this reference as well as from the record of the testimony before us that it was not the trial judge's purpose to allow permanent periodic alimony. Nevertheless, he has neglected to set a prospective termination date for the rehabilitative alimony. Without such a specification, the alimony would be permanent periodic alimony because the alimony would continue until the former husband was able to show to the court that the need no longer existed. In the assessment of rehabilitative alimony, it is a better practice to set a termination date for the payments. Cf. Williamson v. Williamson, 153 Fla. 357, 14 So.2d 712 (1943); Burns v. Burns, 153 Fla. 73, 13 So.2d 599 (1943). In a majority of the cases no further court action will be required. Those few cases in which an adjustment must be made because of conditions unknown to the court at the time of the entry of the judgment will consume less court time. In view of the fact that we have determined to remand this cause with directions to set a date for the termination of the rehabilitative alimony, we will reverse the amount of the award in order for the trial judge to adjust the amount to the period during which the rehabilitative alimony is to be paid.
The trial judge's provision as to the payment of child support is as follows:
"4. That SHELDON ZILBERT, Husband, is herewith directed to pay *102 unto SHERI ZILBERT, Wife, accelerated child support for their child, Jodi Allison Zilbert, commencing at $90.00 per week, same to commence forthwith and to be payable on each and every Saturday hereafter." [emphasis supplied]
The attorneys for the parties have made valiant attempts to educate this court as to the meaning of the term "accelerated child support". At the conclusion of their efforts it can only be said that they disagree sharply as to the meaning of the term. On the basis of the record, we are convinced that the sum allowed as child support is not in keeping with the present ability of the father to pay. See Traylor v. Traylor, Fla.App. 1968, 214 So.2d 15; Boyle v. Boyle, Fla.App. 1964, 164 So.2d 566. We are doubtful too that it is realistic in terms of the amount needed for the support of a child of less than two years. We think that it is possible that in his attempt to anticipate future earnings of the husband, the trial judge has abused his discretion in this matter. Therefore, the sum allowed for child support is reversed, and upon remand the judge will set an amount in accordance with the present needs of the child and the ability of the father to contribute, bearing in mind that the amounts allowed are subject to review under Fla. Stat. § 61.13 and § 61.14, F.S.A.
We have examined the other points raised by the appellant and find that they do not present reversible error and do not merit further discussion in this opinion.
Accordingly, the final judgment dissolving the marriage of the parties is affirmed in part and reversed in part, and the cause is remanded with directions to the trial court to (1) set a termination date for the rehabilitative alimony and to reassess the amount thereof in light of the needs of the appellee and the financial ability of the appellant, and (2) to reassess the amount allowed as child support without regard to prospective earnings of the appellant but basing the amount of the support upon the needs of the child and the ability of the father to contribute.
Affirmed in part, reversed in part, and remanded.