300 So.2d 294 (1974)
Helen A. BAILEY, Appellant,
v.
Franklin W. BAILEY, Jr., Appellee.
No. 73-826.
District Court of Appeal of Florida, Fourth District.
September 20, 1974.
George Ritchie, Cocoa, for appellant.
Kendall T. Moran, Titusville, for appellee.
OWEN, Chief Judge.
This suit for dissolution of marriage resulted in a final judgment (1) dissolving *295 the marriage, (2) refusing to ratify a written separation agreement executed by the parties, and (3) awarding to appellant-wife rehabilitative alimony and suit money.
The parties separated after 28 years of marriage, the husband moving out of the marital home. Three days later he returned to discuss with his wife her needs for support and maintenance of the home. An agreement was reached which the wife put in her handwriting and the husband signed. Pursuant to the husband's instructions, the wife then retained a lawyer to have the agreement redrafted in proper legal form, the husband declining to retain separate counsel. A few days later, the attorney-drafted written agreement, consistent in all material respects with the original signed agreement, was presented to the husband and signed by him before a notary public.
At the time of the separation, the wife was 53 years of age, with a limited education and no special training or skills, and virtually no work experience during the marriage. She was suffering from a minor physical disability. The husband was gainfully employed by the Bendix Company in connection with the space program work at Cape Kennedy. He had a total monthly income from his employment and Air Force pension of approximately $1,070.00 a month. He had accumulated savings of some $16,000.00, of which he gave $9,000.00 to the wife. He also gave her title to the mobile home and one of the two automobiles which he owned. The separation agreement in its material parts provided that the husband (1) would give the wife $350.00 per month as alimony, (2) would give her the insurance policies on his life and not change the beneficiary thereof, (3) would leave her the sole beneficiary under his will, and (4) would sign such papers as necessary to allow the wife to continue use of post exchange and commissary privileges.
After the agreement was executed, the husband delivered to appellant-wife the mobile home, the automobile, and the insurance policies, and arranged for her to have the post exchange and commissary privileges. He also commenced paying to her the monthly support payments of $350.00 each and continued to do so voluntarily for a full year thereafter. Then he filed the suit for dissolution of marriage. The wife counterclaimed for dissolution and ratification of the separation agreement.
In its final judgment the court, finding that the written separation agreement was a result of overreaching on the part of the wife and that the husband had not thoroughly read nor understood the provisions of the agreement, concluded that it would be unconscionable to approve such agreement. The court nonetheless found that at the time of final hearing the husband had the ability to pay alimony in the amount of $350.00 per month and the wife had need for alimony in such amount, and consequently ordered alimony in that amount for three months, and thereafter in declining amounts through the end of 1975.
In Posner v. Posner, Fla. 1970, 233 So.2d 381, which involved an antenuptial agreement providing for a set amount of alimony in the event of divorce, the Supreme Court held such agreement to be valid and binding between the parties as to conditions existing at the time the agreement was made, provided the agreement was entered into under the conditions outlined in Del Vecchio v. Del Vecchio, Fla. 1962, 143 So.2d 17. There is no reason why this same principle would not apply to a postnuptial agreement. Cf., Pemelman v. Pemelman, Fla.App. 1966, 186 So.2d 552; Belcher v. Belcher, Fla. 1972, 271 So.2d 7. It would seem that under the Posner rationale provisions for alimony to the wife contained in postnuptial separation agreements executed by husband and wife, not tainted by fraud or overreaching and fairly entered into after full disclosure, are valid and binding as to conditions existing at the time the agreement was made, and are subject to modification by the trial court only *296 upon a showing under Section 61.14, F.S. of a change of circumstances subsequent to the execution of the agreement. Posner v. Posner, supra; Posner v. Posner, Fla. 1972, 257 So.2d 530. To that extent only earlier decisions holding that the provisions of such separation agreements relating to alimony are not binding upon the trial court should be considered as overruled by the Posner cases.
In this case, the court expressly found that appellant-wife had been guilty of overreaching in procuring the husband's signature to the agreement. The husband had the burden of proving the wife's overreaching, Miller v. Miller, 1942, 149 Fla. 722, 7 So.2d 9. The record does not sustain a finding that the husband met his burden. Substantially the only evidence offered in this respect was the husband's statement that he was under tremendous emotional strain at the time he signed the agreement. This alone is not enough, as "almost all settlements in domestic relation matters are entered during periods of stress". Bare v. Bare, Fla.App. 1960, 120 So.2d 186, 188; Pemelman v. Pemelman, supra, 186 So.2d at 555. It seems clear from the record that both parties had substantially equal bargaining positions, both were fully informed of all of the husband's assets and the needs of the wife and the husband's ability to provide, and in fact if either could be said to have occupied a stronger position by virtue of education and wordly wisdom, it would necessarily have been the husband. It was the husband's suggestion that the wife retain an attorney to have the agreement put in a legal form and the husband knowingly declined to retain separate counsel. The husband read and signed both the original handwritten agreement and the subsequent typewritten agreement prepared by the wife's lawyer. Neither agreement is complex in the least and the husband's self-serving statement to the effect that he did not understand the agreement is somewhat incredible in light of his education and the fact that for over a year before he filed the suit he substantially complied with the terms of the agreement.
The court also concluded that the agreement was unconscionable, primarily on the assumption that Mr. Bailey was likely to find himself unemployed in the near future because "everyone in Brevard County knows there is going to be a severe cutback of personnel connected with work at Cape Kennedy after the Sky Lab Launch", and [when this unemployment occurred] Mr. Bailey would be obligated for monthly alimony of $350.00 per month while his only income would be his Air Force pension of $239.35 per month. Without deciding whether the court properly took judicial notice of future economic conditions in Brevard County, we think the court clearly erred in attempting to take judicial notice of the future "fact" that Mr. Bailey would be a victim of these expected changes in the economic conditions and that he would then be totally without income other than his pension. This was much too speculative a basis upon which to conclude that at the time the contract was entered into some 18 months earlier it was unconscionable.
The record discloses that between the time the agreement was executed and the time the final judgment was entered, there had been no substantial change in circumstances of the parties (other than the husband having received a slight increase in salary). Since the court found at the time of final hearing that the husband had the ability and the wife had the need to justify alimony of $350.00 per month, there is certainly no reason why at that time the agreement was not entitled to be enforced. For ought we know, the court's prognostication as to the husband's economic future well may have proven correct, and in the year since the entry of the final judgment the husband indeed may have lost his job. If so, the time to seek modification under Section 61.14, F.S. on that basis would be after such change in circumstances, not before.
*297 Although appellant contends that it was error for the trial court to grant only a portion of her total costs and attorney's fees, we find no error in this respect as the record discloses that the wife was not without assets which were more than sufficient to meet her needs in this respect.
The portions of the final judgment relating to the award of alimony and property to the wife are reversed, and upon remand the trial court is respectfully directed to enter an amended final judgment consistent herewith. In all other respects the judgment is affirmed.
Reversed in part; affirmed in part.
WALDEN and DOWNEY, JJ., concur.