360 So.2d 1107 (1978)
Frank Hugh GEORGE, Appellant,
v.
Kathryn Irene GEORGE, Appellee.
No. 77-1435.
District Court of Appeal of Florida, Third District.
June 27, 1978.
Rehearing Denied July 31, 1978.
*1108 Silver S. Squarcia, Miami, for appellant.
Philip A. Holtsberg, Coconut Grove, and Alan M. Sandler, Miami, for appellee.
Before PEARSON, HENDRY and KEHOE, JJ.
PEARSON, Judge.
This is an appeal by the former husband from a final judgment dissolving marriage. The points presented claim error in the financial provisions of the judgment. Although the husband has presented twenty-six points on appeal, we think that the issues presented may be adequately decided under four headings: (1) Were there prejudicial, procedural errors in the trial court proceedings that deprived the husband of a fair trial of the issues involved? (2) Does the record support the trial judge's finding of the wife's need for permanent alimony in the amount allowed by the trial judge? (3) Does the record support the trial judge's finding that the parties' adopted son is entitled to support after his eighteenth birthday as a dependent? (4) Was an allowance of attorney's fees supported by the record?
The parties are both over sixty years of age, and are both employed as teachers in the Dade County system. At the time this matter was in the trial court, the husband had a yearly salary of approximately $18,475.00 and the wife approximately $17,433.00. Their adopted son has a debilitating muscular disorder and has grave personality maladjustments.
Our examination of the record shows no prejudicial error in the conduct of the trial or the entry of the final judgment. The cause was bitterly contested on the issues presented here and the appellant husband was afforded a full opportunity to be heard and present evidence on each issue.
With regard to the amount of permanent alimony, in our view, the amount of $165.00 a month to the wife is not supported by the record. We recognize the limitation imposed upon our review of allowances made in dissolution of marriage cases by the opinions of the Supreme Court in Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); and Shaw v. Shaw, 334 So.2d 13 (Fla. 1976). In the instant case, we are dealing not with a claimed abuse of discretion but rather with a finding of a present need for permanent alimony. The trial judge found, as follows:
"8. HEALTH OF THE PETITIONER. The petitioner/wife is in a state of poor physical health, due to the fact that she suffers from rheumatoid arthritis. In addition, the petitioner suffers from highblood pressure, has a hiatal hernia, and also has colitis. Her poor physical health has caused her to have a loss of present income, as a result of absence from her employment, which loss will not diminish in the foreseeable future.
"9. FINANCIAL MATTERS:

"(a) Petitioner/wife is employed as a school teacher and earns an average *1109 monthly net salary of $871.28. The petitioner wife has present expenses per month of $1,212.19.
"(b) Respondent/husband is employed as a school teacher. His gross annual salary is approximately $18,000.00 and he has the ability to provide the wife and child with the sums that they need.
"(c) The parties own jointly their marital domicile located at 5201 S.W. 87th Avenue, Miami, Florida. There is a mortgage outstanding against this property, which amortizes at the monthly rate of approximately $288.00.
"(d) Respondent/Husband, owns in his individual name a home located at 6840 South Waterway Drive, Miami, Florida. There is a mortgage outstanding against his property which amortizes at a monthly rate of approximately $190.00.
"(e) The parties own three automobiles. A 1972 Dodge Colt, a 1965 Dodge Dart, and a 1966 Ford.
"(f) Respondent/Husband owns individually certain personal property, including a boat, trailer, motor, and miscellaneous fishing equipment and tools, and in addition, furnishings at the home which is titled in his name individually.
"(g) The parties have a joint stock account at [Merrill] Lynch, Pierce, Fenner and Smith, which contains securities with a market value of approximately $10,000.00.
"(h) Respondent/husband has securities at other brokerage houses all of which are titled in his name alone.
"(i) The parties have miscellaneous savings and checking accounts, located at various financial institutions."
Based upon this finding, the trial judge awarded permanent alimony of $165.00 per month and awarded to the wife use of the jointly owned marital residence so long as the minor child shall remain a dependent.[1] While the latter provision is properly considered under the issue of dependency, it is mentioned here as having a bearing on the need for permanent alimony. The wife lists needs for more money than her salary as a school teacher provides. The finding of the trial judge that her then salary has been depressed by her poor health is not supported by the fact that she continued to earn the salary stated. It is, of course, apparent that her poor health may cause the loss of earning capacity in the future.
An allotment of permanent alimony to the wife must be based upon her present needs. It has long been the policy of the courts of this state to base awards of permanent alimony on the needs of the wife and commensurate ability of the husband to pay for those needs. See, for example, Knox v. Knox, 159 Fla. 123, 31 So.2d 159, 160 (1947). The liberal provision for modification by Section 61.14, Florida Statutes (1975), contemplates that the actual present need should be the basis for an award of permanent alimony. The record does not show the present need for alimony in the amount allowed. Cf. the principles of law in Armour v. Armour, 59 So.2d 51 (Fla. 1951).
*1110 The record does support the finding of the present dependency of the minor child. It also shows a probability that the dependency will exist for some time in the future. The husband's objection that the court should have waited until the child had attained his eighteenth birthday before making the finding of dependency is without substance. The husband states that the child was seventeen and one-half years old at the time of the judgment. If there has been a change in circumstances since this case was tried, the facts can be presented to the trial court upon petition for modification. See Finn v. Finn, 312 So.2d 726 (Fla. 1975). We hold that no error has been shown on the finding of dependency, the allowance of monetary support or the award of the use of the marital residence to the wife so long as the dependency shall exist.
The last issue concerns the allowance of an attorney's fee to the wife. We find no abuse of discretion in the allowance. Cf. Kleinschmidt v. Kleinschmidt, 66 So.2d 815 (Fla. 1953); and Ginsberg v. Ginsberg, 127 So.2d 137 (Fla.3d DCA 1961).
The final judgment is affirmed except for the allowance of permanent alimony, which is reversed. The cause is remanded for the entry of an amended final judgment eliminating the provision for permanent alimony and substituting therefor a provision reserving jurisdiction in the trial court to award permanent alimony if the anticipated reduction of the earning capacity of the wife shall occur in the future.
Affirmed in part, reversed in part, and remanded.
KEHOE, Judge, dissenting.
Based upon my review of the record and the principles of law set forth in Herzog v. Herzog, 346 So.2d 56 (Fla. 1977) and Shaw v. Shaw, 334 So.2d 13 (Fla. 1976), I must respectfully disagree with the majority opinion. In my opinion, the award of permanent alimony by the trial court in this case was supported by competent substantial evidence; therefore, I would affirm.
NOTES
[1] "6. PROPERTY:

"(a) MARITAL DOMICILE: Title to the marital domicile located at 5201 S.W. 87th Avenue, Miami, Florida is vested in the parties as tenants in common, subject however, to wife's exclusive use and possession of same, until the child, GREGORY LYNN GEORGE, shall attain the age of 21 years, or shall no longer be deemed dependent, which ever shall later occur. Petitioner/wife is charged with maintaining the premises, including the duty to make all mortgage and tax payments on same. At the time that the home is sold, petitioner/wife shall receive a credit in the amount of 1/2 of all mortgage payments made on same, including principal and excluding interest. In addition, she shall receive a credit at the time of the sale for 1/2 of all other expenses for repairs and maintenance of the property. This Court finds that during the pendency of this action, the petitioner/wife has made one more mortgage payment on this property than the husband has. Therefore, the respondent/husband is hereby ordered to pay to the wife within 10 days from the date of the entry of this Order an amount equal to one half of the monthly mortgage payment on the property, to wit: $144.00."