SHARP, Judge,
dissenting.
This case involves an appeal by the former wife from an order denying her motion to set aside a property settlement agreement. The final order granting dissolution, entered on August 3, 1982, incorporated the parties’ property settlement agreement which, inter alia, established the amount of permanent alimony the wife was to receive. On August 31, 1982, the former wife moved to set aside the order incorporating the property settlement agreement on the basis of fraud.[1] At an evidentiary hearing on her motion, her attorney argued the agreement and final judgment should *784 be set aside because the agreement was unreasonable, unfair to the wife, and was based on fraud or concealment of assets.
In my view, the former husband’s failure to disclose his actual income, which the record shows was the key element of the property settlement agreement, including the alimony provisions, requires that the agreement be set aside. The husband’s affidavit presented to the trial court at the dissolution trial understated his income by approximately $40,000.00 for the year 1982. He claimed an income of $48,000.00 when in fact it was at least $86,351.67.
At the hearing to set aside, the husband had no plausible explanation for this discrepancy. He admitted he had received an approximate $40,000.00 “bonus” one month before the final dissolution. Yet at the trial, during the settlement negotiations alluded to by the majority, his attorney maintained his income was only $48,000.00. Further, the tax return for the former husband for 1982 was not available or prepared until after the dissolution hearing.
• Granted, a mere error on a financial affidavit is not a sufficient basis to prove fraud, Cf. West v. West, 399 So.2d 428 (Fla. 5th DCA 1981), but a $40,000.00 discrepancy is hardly “mere.” Parties should be entitled to rely upon the approximate accuracy of financial affidavits submitted pursuant to Florida Rule of Civil Procedure 1.600. Weinstein v. Weinstein, 447 So.2d 309 (Fla. 4th DCA 1984).
I think the record in this case clearly showed failure of the former husband to disclose the amount of his actual income. That makes the property settlement agreement subject to attack. Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla.1962). Further, the former wife did not have equal access to her husband’s salary records and tax return, or possess independent knowledge of her husband’s salary. Compare Bailey v. Bailey, 300 So.2d 294 (Fla. 4th DCA 1974). Such a gross understatement of actual income, whether intentional or mistaken, and the failure to update the financial data proffered in court, is in my view adequate grounds to set aside the settlement and final judgment incorporating it. Baker v. Baker, 394 So.2d 465 (Fla. 4th DCA), review denied, 402 So.2d 607 (Fla.1981).

. Since this motion to set aside was filed so promptly, we are not dealing with "extrinsic” versus "intrinsic” fraud. See DeClaire v. Yohanan, 453 So.2d 375 (Fla.1984).