147 So.2d 169 (1962)
T.R. CONNELL, Appellant,
v.
Theodor H. MITTENDORF, and Dorothy S. Mittendorf, His Wife, Appellees.
No. 3264.
District Court of Appeal of Florida. Second District.
November 14, 1962.
*170 E.H. Wilkerson, Orlando, for appellant.
Neal D. Huebsch, Eustis, for appellees.
SMITH, Judge.
This is an interlocutory appeal from an order entered in chancery denying the defendant's motion to dismiss. The appellant was the defendant, and the appellees were the plaintiffs. Prior to consideration of the merits, we consider the pending motions.
The appellees have filed their Motion to Strike the appellant's reply brief on the ground that it was not timely served. The appellees certify that they served their brief by mail on June 4, 1962. Florida *171 Appellate Rule 4.2, subd. e, 31 F.S.A. requires the appellant to serve his reply brief within five days after he is served with appellee's brief, and Florida Appellate Rule 3.4, subd. b(3) provides that service by mail shall add three days to the time allowed to do any act required to be done within a certain time after service of a notice or paper. Therefore, by combining the two, appellant had eight days to serve his reply brief. Florida Appellate Rule 3.18 requires that in the computing of any period of time, the day of the act, event or default from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted unless it is a Saturday, Sunday or legal holiday, and when the period of time allowed shall be less than seven days, immediate Saturdays, Sundays and legal holidays shall be excluded in the computation. Since the effect of appellees serving by mail made the period of time eight days, the immediate Saturdays, Sundays and legal holidays are counted in the computation. We thus arrive at the fact that appellant's reply brief should have been served on June 12th, and it should have been filed with this court promptly after such service. June 12th was a Tuesday, and not a legal holiday. Appellant's reply brief was served on June 25th and filed June 26th. There were no motions made, as provided by Florida Appellate Rule 3.9, which would have suspended the time for the filing of appellant's reply brief, pursuant to Florida Appellate Rule 3.9, subd. f; and appellant has not filed any motion stating good cause for an extension of time, pursuant to Florida Appellate Rule 3.7, subd. d. Appellees' Motion is granted, and appellant's reply brief is stricken.
The appellees have filed their Motion for an Allowance of an Attorney's Fee, to be paid by the appellant, for appellees' attorney, for services in this appeal, citing Florida Appellate Rule 3.16, subd. e. This rule becomes applicable only in a case where attorneys' fees are allowed by law. The contract involved in this litigation does not require the appellant to pay the appellees' attorney's fee. The terms and conditions of the Supersedeas Order and Bond did not require appellant to pay appellees' attorney's fee. Appellees do not cite any statutory authority requiring appellant to pay appellees' attorney's fees. The appellees' Motion for Attorney's Fee is, therefore, denied. Fontainebleau Hotel Corporation v. Postol, Fla.App. 1962, 142 So.2d 299. We proceed now to consider the merits of the appeal.
The complaint alleges that the plaintiffs were the owners of certain real property and that they entered into a contract with the defendant for the construction of improvements upon the real property according to plans and specifications made a part of the contract; that the defendant agreed to construct the improvements, and the plaintiffs agreed to pay a fixed sum for such construction; and that the improvements were built upon said premises substantially according to the contract. The complaint further alleged that the plaintiffs made tender of the balance of the contract price which was rejected by the defendant; that the sum tendered was the amount due according to the determination of the plaintiffs; that the defendant refused to deliver over to the plaintiffs evidence that all material and labor bills had been paid and that the defendant has failed and refused to perform the conditions of the contract; that the defendant has stated that he is unable to make the payments due to his contractors; that any judgment recovered by the plaintiffs would be of no avail and that unless equity takes cognizance of the cause, a multiplicity of suits will be filed by the various suppliers, laborers and other people who remain unpaid and who are unknown to the plaintiffs, such knowledge being peculiarly with the defendant; that the defendant should be required to make an accounting of the expenditures of the sums of money paid to him pursuant to such contract, including the extras agreed upon between the parties; that plaintiff is unable to obtain an accounting or release of liens *172 or a statement of the current amount due to those who remain unpaid by reason of such construction; and that plaintiffs would be subjected to a great many claims against them and their property by those suppliers, laborers and other artisans working on said property at the behest of the defendant. The complaint prayed for a decree requiring the defendant to deliver to the plaintiffs full releases of liens, and judgment for any sums found to be due, and for other relief appropriate or necessary. The contract attached and made a part of the complaint contained, among other things, the following clause:
"The Contractor shall furnish the owner satisfactory evidence that all material and labor bills have been paid before final payment is made."
The defendant filed various motions; among them was his Motion to Dismiss, which the court denied. The defendant appeals, contending that the complaint failed to state a cause of action.
As a general rule, contracts for personal services and contracts for building or construction or for repair will not be specifically enforced. 81 C.J.S. Specific Performance § 74. However, we note that this complaint alleges that the construction was substantially completed so this complaint is not for specific performance of such a contract. The courts of this State are committed to the doctrine that no person has the right to maintain a bill in equity unless the suit brought falls within some acknowledged head of equity jurisprudence. B.L.E. Realty Corp. v. Mary Williams Co. Inc. et al., 1931, 101 Fla. 254, 134 So. 47; Rickman v. Whitehurst et al., 1917, 73 Fla. 152, 74 So. 205. A contract will not be specifically enforced where the remedy at law is adequate. While recognizing the foregoing general principles, we note that this complaint alleges facts from which the conclusion may properly be drawn that equitable cognizance of this action would avoid a multiplicity of suits, which is an acknowledged head of equity jurisprudence. 12 Fla.Jur., Equity, § 16. The complaint also alleges that the defendant has stated that he is unable to make the payments required and that a judgment at law would not be enforceable, the ultimate effect thereof being that the defendant is insolvent, which operates to destroy the adequacy of the legal remedy. LaMar v. Lechlider, 1939, 135 Fla. 703, 185 So. 833. Sections 84.04 and 84.25(2), Florida Statutes, F.S.A., required the contractor to furnish the statements under oath. The complaint alleges that the defendant refused to furnish such a statement. Equity will not suffer a wrong to be without a remedy. First State Bank of Clermont v. Fitch, 1932, 105 Fla. 435, 141 So. 299. The question of whether or not a court of equity will lend its aid is, in many cases, a matter of the exercise of sound judicial discretion. Atlantic Shores Corp. v. Zetterlund, 1931, 103 Fla. 761, 138 So. 50. The order is affirmed.
Affirmed.
SHANNON, C.J., and WHITE, J., concur.