### FLEENOR v. FLEENOR.

No. 60-C-976.

Circuit Court, Fifteenth Judicial Circuit.

April 15, 1971.

Hal H. McCaghren, West Palm Beach, for plaintiff.

Andrew F. O'Connell, West Palm Beach, for defendant.

JAMES R. KNOTT, Circuit Judge.

This cause came on for hearing on defendant's petition for release from further liability for support payments to plaintiff based upon a "Property Settlement Agreement" between the parties

incorporated in their final decree of divorce in 1960. Plaintiff became remarried on September 26, 1970.

The principal issue relates to whether the so-called "Property Settlement Agreement" was in substance an agreement for alimony.

At the time the parties separated, they made equal division of a bank account of less than $300, earned by the defendant husband, and entered into the agreement mentioned above, in which defendant agreed to pay plaintiff $20 per week for her support "as long as the party of the second part [defendant] shall be employed. If, however, the party of the second part becomes unemployed he will pay a lesser amount that he can afford . . ." The agreement contained a release by the plaintiff wife of all claims against the defendant husband, in consideration of the "mutual agreement and the receipt of the monies set aside specifically for her . . ." However, plaintiff testified in all candor that all she relinquished and released at the time of the divorce was "the roof over my head," meaning the roof of the trailer residence which defendant owned prior to his marriage to the plaintiff. The roof over her head could be viewed as a marital right of enjoyment derived from the husband's duty to provide adequate shelter for his wife, rather than a property right. Thus the plaintiff never had any "special equities" subject to a true division of property interests normally associated with a property settlement agreement.

The terms of the agreement itself purport to "make a complete and final settlement of all property rights and matters of support and maintenance." Insofar as the plaintiff received one-half of the bank account which was maintained during her marriage to the defendant, she did receive a property settlement.

The only monetary obligation of the defendant to the plaintiff arising from their agreement relates to support and maintenance of plaintiff, clearly related in substance to alimony. It may be observed that in previous litigation involving enforcement of the decree herein through contempt proceedings both the parties and the court treated the payments as being in the nature of alimony.

Upon consideration, it is ordered and adjudged that the agreement between the parties, although entitled "Property Settlement Agreement" was in substance not a property settlement agreement, but an agreement for alimony.

It is further ordered and adjudged that defendant's liability for alimony to plaintiff ceased upon the date of the plaintiff's remarriage; provided, however, that plaintiff shall not be required to repay to defendant the payments which were voluntarily made by him prior to the filing of this suit.