311 So.2d 397 (1975)
Clyde C. SPEARS, Appellant,
v.
Louisa T. SPEARS, Appellee.
No. 74-781.
District Court of Appeal of Florida, Fourth District.
April 11, 1975.
*398 James M. Campbell, Law Office of J. Russell Hornsby, Orlando, for appellant.
Francis E. Pierce, Jr., Orlando, for appellee.
OWEN, Chief Judge.
Approximately two years before their marriage was dissolved by the judgment here appealed, the parties had entered into a written separation agreement which, among other things, required appellant husband to pay to appellee wife certain sums monthly for alimony and child support. The court, finding that the agreement had been voluntarily entered into and that it was fair and equitable, approved the agreement and incorporated it by reference into the final judgment.
Appellant first contends that the agreement is unconscionable and was not voluntarily entered into by him. A review of the record fails to disclose any basis to support this contention. To the contrary, the record contains substantial competent evidence to support the trial court's finding that the agreement was voluntarily entered into and that it is fair and equitable.
Appellant next contends that child support payments should not be continued to the appellant's adult daughter who is employed and living away from home. As an abstract proposition, the point would appear to have merit. Perla v. Perla, Fla. 1952, 58 So.2d 689. However, it fails to take into account the facts in this case.
The agreement, which was signed in July 1972, just five months before the daughter's 21st birthday, expressly recognized that the daughter suffered a disability, and in recognition thereof provided that the support payments would continue indefinitely, "for so long as the disability of the said child shall continue, or until such time as she marries, or until such time as changed as to amount by the agreement of the parties or by order of court." At the time of the final hearing in May 1974, the court made an express finding that the disability of the daughter was continuing as of that time. In spite of appellant's argument to the contrary, the record supports this finding. Appellant does not contend that there was any other change of circumstances subsequent to the execution of the agreement which under the terms of the agreement would call for termination of the support payments. Thus, there is no reason why such agreement should not continue to be valid and binding between the parties as to conditions existing at the time the agreement was made. Cf. Bailey v. Bailey, Fla.App. 1974, 300 So.2d 294. Appellant's obligation being contractual, we need not consider his contention that his common law obligation to support the child had terminated.
The foregoing views relative to appellant's contractual obligation under the agreement would apply also to his contention that the award of alimony was an abuse of discretion.
Appellee wife was gainfully employed and her earnings, coupled with the amounts awarded her for alimony and child support, exceeded the husband's net income after deducting alimony and child support. The wife's assets, while limited, exceeded the husband's. The financial resources of the wife being greater than those of the husband, it was an abuse of *399 discretion to require the husband to pay the wife's attorney's fees.
The final judgment is modified by striking therefrom the provision requiring the husband to pay the wife's attorney's fees, and, as thus modified, is affirmed.
Affirmed, as modified.
CROSS and MAGER, JJ., concur.