315 So.2d 513 (1975)
Luvenia F. RICHARDSON, Also Known As Luvenie F. Richardson, Appellant,
v.
Harry J. RICHARDSON, Appellee.
No. 73-308.
District Court of Appeal of Florida, Fourth District.
July 11, 1975.
Robert W. Kieffer, of Sam E. Murrell & Sons, Orlando, for appellant.
Jay M. Cohen, of Sigman, Cohen, Marks & Stone, Orlando, for appellee.
DOWNEY, Judge.
The marriage of the parties hereto was dissolved in May 1972. The final judgment awarded custody of the two minor children of the marriage to the father appellee. The judgment was silent as regards the jointly owned marital domicile.
In June 1972, the appellant wife filed a suit to partition the marital domicile. Appellee then filed a petition in the original dissolution proceeding to modify the final judgment and award him exclusive possession of said property while he had custody of the minor children. After successfully obtaining such an order modifying the judgment of dissolution appellee filed his answer in the partition suit asserting as an affirmative defense that he had been awarded exclusive possession of the property and thus appellant had no standing to maintain a suit for partition. A summary judgment was entered for appellee from which this appeal stems. The refusal of the trial court to grant partition of the jointly owned home was proper because the father and custodian of the minor children of the marriage was awarded exclusive possession thereof. Coggan v. Coggan, Fla. 1970, 239 So.2d 17; Black v. Miller, Fla.App. 1969, 219 So.2d 106.
Appellant also contends that it was error to award exclusive possession of the jointly owned home to the husband who was awarded custody of the children of the marriage. Prior to the passage of Chapter 71-241, Laws of Florida, 1971, such an award was improper. But with the advent *514 of that statutory amendment and the requirement that both husband and wife may be required to provide child support, in an appropriate factual setting the trial court may award exclusive possession of a home previously held by the entireties to a husband who is granted custody of the minor children of the marriage.
On the record presented here we conclude that appellant has failed to demonstrate error. Accordingly, the judgment appealed from is affirmed.
OWEN, C.J., and CROSS, J., concur.