320 So.2d 446 (1975)
John FORTE, Appellant,
v.
Mary FORTE, Appellee.
Nos. 75-215, 75-597.
District Court of Appeal of Florida, Third District.
October 7, 1975.
Andrew C. Hall, Miami, for appellant.
Sinclair, Louis & Siegel and Neil A. Shanzer, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is the consolidation of two interlocutory appeals by the husband, John Forte, petitioner in the trial court. In the first, he seeks review of the order of January 29, 1975, on motions to enforce the property settlement agreement. In the second, he seeks review of the order on the husband's motion to enforce the order of January 29, 1975.
*447 On April 25, 1972, the marriage of John Forte and Mary Forte was dissolved. The separation agreement entered into by the parties on April 13, 1972, was incorporated within the final judgment of dissolution of marriage.
Under the terms of the agreement, Mary Forte was afforded an option with respect to housing and the right to purchase housing. As the first alternative, she had the right to select a homesite of a total value of, and not to exceed $15,000 and thereafter to cause John Forte to construct a home upon that site which should contain not more than 2,500 square feet under roof and have a construction cost of not more than $50,000 at the husband's actual cost. In the event that the wife exercised her option under this provision, the husband was required to assist the wife in the design of the home. The second alternative available to Mary Forte was to require John Forte to purchase a home for a sum not to exceed $65,000.
In either event, under the terms of the agreement, title to the house was to be taken in the husband's name and Mary Forte had the right to later purchase the home from John Forte for the amount of money expended by him in constructing or purchasing it.
In the event that Mary Forte failed to exercise either option, the agreement provided that John Forte would pay to Mary Forte additional support of $350 per month to be used by her and their two minor children for housing expenses. The agreement further provided that:
"In the event that the Husband refuses to perform any of his obligations in accordance with Paragraphs 8 and 9 above, providing that the Wife has rendered performance in accordance with the provisions thereof, then the time limit set forth in such preceding paragraphs shall be extended until the disagreement between the parties has been resolved."
In March of 1973, John Forte filed a motion to enforce the terms of the agreement, contending that the wife had elected to cause a house to be constructed, but that she failed to timely provide him with plans for the construction as provided in the agreement. He sought an order either compelling that the plans be furnished, or discharging him from the obligation to have a house constructed. At the hearing on the motion, the architect selected by Mary Forte to design the house, testified that the plans were 75 per cent completed. The court required him to complete the plans within three weeks. When the plans were submitted to John Forte for approval and bids were obtained, it became apparent that the house could not be constructed within the agreed price. Mary Forte then sought to revert to the second option, the purchase of a home.
On January 29, 1975, after hearing extensive testimony, the trial judge found that the husband acted in bad faith in his negotiations with the wife as to constructing or purchasing a home, and entered an order on motions to enforce property settlement agreement, providing that
"(a) John Forte shall purchase for the use and benefit of Mary Forte a residential home to be selected by Mary Forte within sixty (60) days of January 10, 1975, the purchase price of which shall not exceed $75,000.

(b) That Mary Forte shall have the option to purchase the said house including all appurtenances thereto from John Forte for the sum of $70,000." (emphasis added)
Subsequently, John Forte filed a motion to enforce the order of January 29, 1975, since Mary Forte had not complied within sixty days. Following a hearing, the court entered an order denying the motion and directing John Forte to purchase the house selected by Mary Forte.
There are two separate appeals in this case, one from each order. The two points *448 presented by John Forte on appeal, in substance, are (1) whether the court erred in finding that he had been guilty of bad faith. If so, then Mary Forte should be estopped from obtaining any house, but should be required to receive the $350 per month for housing purposes; (2) whether the court had the authority to order John Forte to pay $75,000 for a house when the agreement called for purchase of a house by him for up to $65,000. He contends that the court, in effect, has modified a portion of the separation agreement which does not relate to alimony or support monies.
The law in Florida is well settled that provisions of a separation agreement relating to the support, care and custody of children are always subject to review and approval by the court, the guiding star being the best interests and welfare of the children. Lang v. Lang, Fla.App. 1971, 252 So.2d 809 and cases cited therein. Interpretation or modification of a separation agreement affecting welfare of children is not only permissible but obligatory where the circumstances so indicate. Lang v. Lang, supra. According to Sirkin v. Sirkin, Fla.App. 1967, 204 So.2d 13, there is a continuing obligation of a father to provide living quarters as an element of support for the children. Therefore, the provision for housing for Mary Forte and the two minor children directly relates to the maintenance and support of the children and it was proper for the court to modify such provision.
As in Stanley v. Stanley, 1947, 158 Fla. 402, 28 So.2d 694, where the Florida Supreme Court took judicial knowledge of the rise in the cost of living, we now take judicial knowledge of the fact of inflation from 1972 when the separation agreement was executed and the final judgment was entered in this cause until 1975, when the two orders now on appeal were entered. Even if such were not the case, the record of the hearings before the trial judge is replete with expert testimony as to the rise in the cost of construction or purchase of a single family home from 1972 to 1975. We find no error in the modification by the trial judge from a $65,000 home to a $75,000 home.
John Forte's argument that Mary Forte did not comply with the January 29, 1975, order is erroneous. The order states that she must select a home within 60 days, which she did; not that the deal must close. As to whether the husband failed to act in the spirit of cooperation and good faith, the record contains ample evidence to support the court's finding that both sides failed to do so to a certain extent, but the husband to the greater extent.
Therefore, for the reasons stated and upon the authorities cited, the orders herein appealed are
Affirmed.