335 So.2d 861 (1976)
Lillian WILISCH, Appellant,
v.
Theodore WILISCH, Appellee.
Nos. 75-1256 to 75-1261.
District Court of Appeal of Florida, Third District.
August 3, 1976.
*862 Helliwell, Melrose & DeWolf and William E. Sadowski, Miami, for appellant.
Headley & Sudduth; Sam Daniels, Miami, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
*863 PEARSON, Judge.
The appellant, Lillian Wilisch, is the former wife of the appellee, Theodore Wilisch. She was the plaintiff in the trial court in an action for partition of real property which had been held as an estate by the entirety but which, subsequent to a dissolution of marriage entered in 1971, had been held in common. As will later be discussed in the statement of facts, several appeals by Mrs. Wilisch have been consolidated here. Although five points are presented and will be dealt with, the most important is whether the trial court erred in denying partition.
In approaching a statement of the facts, it is helpful to consider the circuit court cases separately.
In 1971, the wife, after some 35 years of marriage, filed an action for divorce against defendant. Her complaint did not seek findings of special equities, contributions relative to two parcels of real property then owned by the parties, or a partition of the properties.
At the time of their divorce, the parties owned two parcels of real property. The fist was their marital residence, which includes an efficiency apartment that produces rental income. The second was a twenty-unit apartment building, which naturally produces substantial rental income.
The final judgment of divorce does not contain any findings of special equities of the parties in, or to, the two parcels of real property they owned jointly while married. The court did not reserve jurisdiction to consider such matters. The court did charge each parcel with provisions for the division of the use and income of the properties, as follows: (1) the wife was awarded "permanent exclusive use of the home of the parties;" (2) the husband was to manage a twenty-unit apartment house owned by the parties and was entitled to a salary of $388.44 a month  the same amount the wife testified she was earning; and (3) the apartment rentals and the rent from the efficiency unit at the home were to be equally divided after deducting expenses (including the husband's salary). No appeal was taken from the final judgment of divorce.
Beginning in May of 1972, disputes arose between the parties regarding the former husband's management of the apartment building as a result of his alleged failure to comply with the terms of the final judgment. The former wife filed a petition for modification, a motion for order adjudging defendant in contempt and an amended petition for modification. In the amended petition, she sought payment for her share of the profits from the operation of the apartment building. The court granted plaintiff's petition and ordered the defendant to comply with the terms of the final judgment and to pay plaintiff her share of the apartment income.
In September, 1972, Mrs. Wilisch brought an action for a partition of the two parcels of real property which she and her husband owned as tenants in common, with each owning an equal, undivided interest. The defendant's answer contained a simple denial of some of the allegations in the complaint and, furthermore, asserted as an affirmative defense "that the rights of the parties as to the two parcels ... were determined by this Honorable Court in its Final Decree of Divorce ..." and that "the plaintiff is estopped from maintaining the instant action [to seek a partition]."
On February 4, 1974, after an evidentiary hearing, the court entered an order in which he ruled that:
1. The court would permit a partition but would not allow a sale of the property on the Courthouse steps.
2. The court would appoint a Commission consisting of three individuals.
3. The Commission was to present its recommendations after considering the Divorce Decree, the circumstances surrounding the Divorce Decree and such equities and contributions as to which the parties may present evidence.
The plaintiff, former wife, moved the court for permission to amend her complaint for partition in order to pray for consideration *864 in the partition judgment of the money she claimed that the defendant had not paid her from the proceeds of the operation of the apartment house. The motion to amend the complaint was denied and error is assigned upon this ruling.
After a hearing at which the parties presented both argument and evidence, the commissioners submitted their recommendations. Two of the commissioners recommended a sale of the properties and a distribution of the proceeds so that the former wife would receive a slightly smaller percentage of the proceeds of the sale than the percentage of the former husband. The third commissioner recommended a distribution in kind with the wife receiving only the residence property.
On September 25, 1974, after the commission had submitted its reports, the former husband filed a petition for modification in the divorce case. The relief sought by this petition was a modification of the final judgment of divorce to include findings of special equities of the parties in relation to the two parcels of property involved in the partition suit.
The sole ground for this petition was the defendant's contention that the plaintiff's testimony taken in the course of the partition case concerning her income at the time of that hearing "was at such wide variance from that sworn to by the Plaintiff at the final hearing for divorce as to have been designed to consciously mislead this Honorable Court in the entry of its Final Judgment of Divorce," and, consequently, ". . as to have amounted to a fraud upon the Court." Furthermore, it argued that testimony in the partition proceeding indicated that the two properties had been purchased through the defendant's efforts and resources, that he had intended for the apartment building to replace the business in which he had been involved until that time and from which he had derived his support. Plaintiff moved to strike the petition on the ground that it was barred by RCP 1.540 because it was not filed within one year from the entry of the final judgment. Error is assigned upon this ruling.
From this point forward, the court treated the partition proceeding and the modification proceeding together and consolidated them. All subsequent pleadings, orders, etc., were filed under both case numbers.
Thereafter, plaintiff filed a motion to disqualify the judge upon the ground that he was proceeding upon his memory of the testimony in the divorce case prior to the final judgment and, therefore, was a witness in the cause. No transcript of the testimony was available.
Ultimately, on July 3, 1975, the court entered an amended order denying plaintiff's claim for partition and her petition for payment of her accrued share of the profits from the apartment house, and granting the defendant's petition for modification of the judgment of divorce and an order denying plaintiff's motions for rehearing and for disqualification. The judgment provides:
* * * * * *
"In the alternative and in the event the parties do not comply with the above Order within thirty (30) days from the date hereof, the Petition for Partition will be and the same is hereby denied, and the final Decree of Divorce shall be, and is hereby amended to provide that the Husband is allowed a salary for the management and operation of the rental apartments of $541.67 per month, commencing on the date the aforesaid Final Decree of Divorce was originally signed.
"All future income from the rental apartments shall be paid to the Husband until all monies due him under this Order shall have been paid.
"Except as otherwise herein provided, all pending Petitions and Motions filed in these causes should be, and the same are hereby denied.
"The Court will entertain a Motion by the Husband for attorneys fees and to tax costs and retain jurisdiction, to implement the terms of this Order."
* * * * * *
Lillian Wilisch has presented six points. The first urges that it was error to deny partition to her as a joint owner of one-half *865 of the property. The second claims that the court erred in denying plaintiff's motion for disqualification of the trial judge. The third urges that it was error to enter an order reserving jurisdiction to allow the former husband an attorney's fee. The fourth assigns as error the denial of the wife's motion to amend her complaint to ask for consideration of the claimed delinquent payments due from the operation of the apartment house. The fifth urges that it was improper for the court to allow an increased amount to the husband for the management of the apartment house (a) retroactively to the time of the judgment of divorce, and (b) for future payments. The sixth point is moot.
As to the partition of the two parcels of real property, we feel, as evidently the trial judge did, that such a solution would be the best way to terminate the litigation between these two unfortunate persons. However, the trial judge, in his amended order, refused to order partition.[1] The law would have supported an order partitioning these properties to the parties on a fifty-fifty basis. See the general rule in Kollar v. Kollar, 155 Fla. 705, 21 So.2d 356 (1945). However, the question of the basis for the partition is moot in view of the fact that partition has been denied. The question is: Was it error to refuse to order a partition? We hold that the trial judge must be sustained on this aspect of his judgment because each of the properties was, under a reasonable interpretation of the divorce judgment, charged with special claims arising out of that judgment. In the instance of the residence property, the court charged the property not only with the right of the wife to live therein, which right she may have been deemed to have waived, but also charged the property with the husband's right to collect the rents from the efficiency apartment. In the instance of the apartment house, the property was charged with the right of the husband to maintain it as his business, that is, to manage it and deduce a salary therefrom.
It has been established in many cases that the court may refuse partition and may not partition over objection of the parties benefited where property is charged with rights established in a judgment of dissolution of marriage. See Bergh v. Bergh, Fla.App. 1961, 127 So.2d 481; and Banfi v. Banfi, Fla.App. 1960, 123 So.2d 52.
It was not error for the trial judge to deny the motion for his disqualification. The former wife relied upon the provisions of Fla. Stat. § 38.02, which is, in pertinent part:
"In any cause in any of the courts of this state any party to said cause . . may at any time before final judgment ... show by a suggestion filed in the cause that the judge before whom the cause is pending ... is a material witness for or against one of the parties to said cause ... Such suggestions shall be filed in the cause within thirty days after the party filing the suggestion, or his attorney ... learned of such disqualification ... If the truth of any suggestion appear from the record in said cause, the said judge shall forthwith enter an order reciting the filing of this suggestion, the grounds of his disqualification, and declaring himself to be disqualified in said cause ... If the judge finds that the suggestion is true, he shall forthwith enter an order reciting the ground of his disqualification and declaring himself disqualified in the cause; if he finds that the suggestion is false, he shall forthwith enter his order so reciting and declaring himself to be qualified in the cause."
* * * * * *
A trial judge does not become a material witness in a cause merely because he has knowledge of what occurred before him in a prior proceeding. See Wingate v. Mach, *866 117 Fla. 104, 157 So. 421 (1934); and cases cited at 22 A.L.R.3d 1198 et seq. Cf. State ex rel. Ferrara v. Sandler, 152 Fla. 517, 12 So.2d 298 (1943).
There is no basis in this record for the allowance of an attorney's fee to the former husband in these combined proceedings. There was no partition; therefore, there is no statutory authority for an attorney's fee even if the court had proceeded under Fla. Stat. § 64.081. If the judgment is considered as a modification of the judgment in dissolution of marriage, the financial resources of these parties do not support an award of an attorney's fee to the husband. Cf. Spears v. Spears, Fla.App. 1975, 311 So.2d 397. We note, further, in support of our holding, that the husband's pleadings do not contain a prayer for attorney's fees.
No reversible error appears upon the court's denial of plaintiff's motion to amend her complaint for partition because we have held that it was not error to deny the partition of the properties.
The court did modify the final judgment dissolving the marriage. In the order appealed, he increased the former husband's "take" or "salary" from the rentals of the apartment house from $388.44 per month to $541.67 per month. The court made its ruling retroactive to the date of the judgment dissolving the marriage.
We hold that the court did err in its modification of the final judgment of dissolution. The former husband argues that the modification was properly made pursuant to Fla. Stat. § 61.14.[2] This statute does not authorize a trial judge to retry the financial provisions of a judgment dissolving a marriage. The court may, upon a showing that "the circumstances or the financial ability of either party has changed," decrease or increase "the amount of support, maintenance, or alimony." The final judgment dissolving the marriage contained only the following provisions relative to support, maintenance or alimony: (1) The wife was awarded the permanent, exclusive use of the home and the husband was directed to pay for repairs necessary at that time out of the rental income from the jointly-owned properties. (2) The wife was awarded $4,500 as lump sum alimony. The remainder of the judgment pertained to a statement of the joint ownership of the properties and a settlement of the management of the properties and division of the profits from the properties.
In the amended order appealed, the court found that the wife's testimony at the time of the dissolution of marriage in 1971, concerning the amount of her earnings, was incorrect. The record of the trial of the modification petition conclusively shows that she gave the amount of her net or "take home" salary rather than the amount of her gross salary. The court also found that the amount of her present salary is substantially more than it was at the time of the dissolution. These findings are not a sufficient basis for a revision of the parties' rights in the jointly-held property. The court may, upon a showing of change of circumstances upon a proper petition, change the amount allowed as a management *867 fee for jointly-held property. Here, the trial court has attempted, by a retroactive order, to amend the judgment nunc pro tunc to provide that the husband may increase his management fee from $388.44 per month to $541.67 per month and that the husband may keep all rental income until he has made up the accrued difference between the two amounts. The husband did not prove a change in circumstances or that a greater management fee was required by changed conditions.
The accrued amounts payable monthly to the former wife from the profits of the jointly-held properties are vested in her. They may not be cancelled or amended except upon a showing of fraud pursuant to RCP 1.540. Cf. Thomas v. Greene, Fla. App. 1969, 226 So.2d 143. The former husband's petition to modify cannot be considered a petition for relief pursuant to RCP 1.540 because it was filed long after the one year period allowed in the rule and because it is insufficient to allege fraud. Further, the record does not support a finding of fraud.
We conclude, therefore, that the trial judge was without jurisdiction to amend the judgment retrospectively as to the rights of the parties in and to the jointly-owned properties. We conclude further that there is no basis in the record for a prospective modification of the judgment of dissolution.
The amended order dated July 3, 1975, is reversed and the cause remanded with directions to the court to take testimony upon, and to require an account of, the unpaid amounts due the former wife under the judgment and, upon approval of the account, to order the payment of the sums due to the appellant, former wife, and to carry out such further proceedings as are not inconsistent with the views expressed herein.
Reversed and remanded with directions.
NOTES
[1] The trial judge, in his order, offered a partition if the parties would agree to it. This partition followed the recommendation of the third commissioner as to an 80%/20% distribution of the property. The proposal was never acted upon.
[2] Prior to June 6, 1975, the statute read:

"When the parties have entered into, or hereafter enter into, an agreement for payments for, or instead of, support, maintenance, or alimony, whether in connection with a proceeding for dissolution or separate maintenance or with any voluntary property settlement, or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party has changed since the execution of such agreement or the rendition of the order, either party may apply to the circuit court of the circuit in which the parties, or either of them, resided at the date of the execution of the agreement or reside at the date of the application, or in which the agreement was executed or in which the order was rendered, for a judgment decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances and the financial ability of the parties, decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order."
* * * * * *