398 So.2d 935 (1981)
Sharon Lee HORN, Appellant,
v.
Richard L. HORN, Appellee.
No. 80-1023.
District Court of Appeal of Florida, Third District.
May 12, 1981.
Rehearing Denied June 17, 1981.
*936 Gelb & Spatz and Monroe Gelb, Miami, for appellant.
A.J. Barranco, Jr., Stuart and Steven Kellough, Miami, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The wife appeals from a supplemental judgment partitioning the marital home which she owned as tenant in common with her former husband. Her contention is that because she had exclusive possession of the home, as an incident of child support, Forte v. Forte, 320 So.2d 446 (Fla.3d DCA 1975), cert. denied, 351 So.2d 406 (Fla. 1977); Richardson v. Richardson, 315 So.2d 513 (Fla. 4th DCA 1975), that partition of the property was premature because only the party having an immediate right of possession may maintain such an action. Pollack v. Pollack, 159 Fla. 224, 31 So.2d 253 (1947); Black v. Miller, 219 So.2d 106, 108 (Fla.3d DCA), cert. denied, 225 So.2d 920 (Fla. 1969). We disagree and affirm.
Some two years prior to the entry of the partition judgment, the parties had entered into a property settlement agreement which was ratified and incorporated into the final judgment of dissolution. By the terms of that agreement, the wife was awarded custody of the parties' two minor children. The husband was required to pay child support to the wife. Under the agreement, the wife voluntarily relinquished all claims to alimony. The property settlement agreement with respect to the marital home provided:

*937 SECTION THREE
MARITAL HOME
Husband agrees that Wife and the minor children described herein shall have the exclusive use and enjoyment of the marital home of the parties, located at 1624 Tigertail Avenue, Coconut Grove, Miami, Florida, until a sale of said home. Until such sale is made, or if no such sale can be made, Husband agrees to make the mortgage, real property tax and insurance payments in connection with the home, which currently total $485.00 per month.
In the event the home is sold, Husband further agrees to pay the mortgage, real property tax and insurance payments on a replacement residence, up to a maximum aggregate sum of $485.00 per month. In connection with Husband's payments for the replacement residence, Husband shall be entitled to claim as deductions on his individual federal income tax return those amounts representing interest charges on any mortgage and the real property taxes.
In the event the marital home is sold and a replacement is not purchased, Husband agrees to pay a rent allowance for such residence, up to a maximum amount of $485.00 per month.
Upon the sale of the marital home, or the replacement home, Husband shall receive from the proceeds thereof, credit for payments made in reducing the principal of any mortgage upon the property.
Husband's obligations pursuant to this Section Three shall cease when the youngest child, MICHAEL, attains the age of eighteen (18) years.
As we construe the agreement, we find that the trial court was entirely correct in decreeing partition. Under the agreement, the husband had the obligation to furnish all shelter and housing on behalf of the children until the youngest attained the age of eighteen. The husband could have satisfied that obligation by either: (1) continuing to make the mortgage, real property tax, and insurance payments on the home in question; or (2) making those payments on a replacement home; or (3) making equivalent payments toward the rental of a replacement home. While the property settlement agreement did employ the words of art, "exclusive use and enjoyment of the marital home," we find that that phrase has little significance beyond denying the husband the right to occupy the home with the former wife. Obviously, the possession of the marital home was a temporary incident of child support but the house, as such, did not constitute a res in which the children had an exclusive right to possession. Nor did the wife's position as custodial parent afford her any derivative right to possession.
In this case, there is a secondary basis upon which to support the judgment appealed from. It has long been recognized, pursuant to Section 61.13, Florida Statutes (1977), that modification of a separation agreement for the welfare of children and for the grant of exclusive possession of property for their use and benefit is permissible at any stage of the post-dissolution proceedings where circumstances warrant such action. Forte v. Forte, supra. In Richardson v. Richardson, supra, a husband who had been awarded custody of minor children, when faced with a suit for partition of the former marital home, filed a petition to modify the wife's interest in the marital home to vest in him exclusive possession for the use and benefit of the minor children. The petition for modification was granted which was set forth as an affirmative defense to the partition proceeding. Summary judgment was then entered for the husband.
In this case, the wife did not seek exclusive possession of the marital home for the benefit of the children as was done in Richardson. However, that failure is entirely understandable. With cross-petitions for modification pending by both the husband and the wife, the parties agreed that each would assume the custody and costs of rearing a minor child. That agreement was ratified and confirmed by the court. In addition, the court found that the wife, having custody of only one child, did not *938 need a residence as large as the marital home and found that the husband no longer had the financial ability to maintain the residence because of his indebtedness. The court further found that the interests of the minor children were no longer served by the wife having exclusive occupancy of the home. The wife has not challenged the evidentiary support for those findings and consequently the trial court's ruling is also sustainable on this ground. Forte v. Forte, supra; Richardson v. Richardson, supra.
Finally, the wife contends that the trial court erred in permitting the husband to augment his petition for modification of the property settlement agreement by the filing of a supplemental complaint for partition. She has not, however, pointed to any demonstrable prejudice resulting from the court's action; nor indeed could any be demonstrated. In either the original petition or the counterpetition for dissolution, either of the parties was at liberty to request the court to retain jurisdiction for the purpose of partitioning the property. Rankin v. Rankin, 258 So.2d 489 (Fla.2d DCA 1972); Banfi v. Banfi, 123 So.2d 52 (Fla.3d DCA 1960). It has been held to be error to require a party to file such a separate action. Bullard v. Bullard, 380 So.2d 1090 (Fla.3d DCA 1980).
In this case, the wife actually directed a motion to dismiss for failure to state a cause of action toward the supplemental complaint for partition. The motion was denied and she filed an answer which raised the property settlement agreement as an affirmative defense. The parties then litigated the remaining disputed issues on the respective cross-petitions for modification of the property settlement agreement. The court granted partition and relief by way of the parties' cross-petitions for modification and the wife has not appealed from the latter. For the trial court to have adopted the wife's approach would simply promote and foster a multiplicity of actions which we understood had been relegated to a bygone era.
Affirmed.