403 So.2d 484 (1981)
George W. LAMBERT, Jr., Appellant,
v.
Clara Jean LAMBERT, Appellee.
No. VV-137.
District Court of Appeal of Florida, First District.
August 13, 1981.
*485 Bill A. Corbin, Blountstown, for appellant.
Raymond L. Syfrett and Richard C. Trollope, Panama City, for appellee.
ERVIN, Judge.
George Lambert appeals those portions of the lower court's order which denied certain requests made in his petition for modification of a final decree dissolving his marriage. We affirm in part and reverse in part.
The original decree awarded Lambert's ex-wife, the appellee, primary care, custody and control of the parties' minor children, and "exclusive use and possession of the household furnishings and marital home for the purpose of raising the two parties' minor children." The decree generally divided the other jointly held property between the parties, although appellant was awarded his personal desk and other personal belongings. Lambert was granted "liberal visitation rights with his children." The order further provided that Lambert make child support payments in the amount of $300 per month. Finally, the appellee was ordered to "assume, pay and hold [Lambert] harmless" on the first mortgage as long as she was in exclusive possession of the marital home. Lambert correspondingly was ordered to assume payments on the second mortgage and to assume also the outstanding marital financial obligations, which he testified exceeded $20,000 at the time of the dissolution.
Lambert began having difficulties meeting his obligations under the decree. The undisputed evidence shows that during the year of divorce appellant had a net income of $9,418.34, while his debts and support obligations totaled $7,224. Even with an increase in pay the following year, these obligations still consumed 61% of his net pay. The appellant fell behind on some of his child support payments. His financial difficulties reached the point where he was on the verge of failing to meet a payment on the second mortgage. He temporarily *486 staved off this crisis by persuading the bank holding the second mortgage to forestall foreclosure until he could obtain relief from the dissolution decree. On October 3, 1980, Lambert sought relief in the form of a petition for modification of the decree, seeking partition of the real and personal property jointly held by the parties following the dissolution of the marriage. Lambert also attempted to regain the custody of his children, or, alternatively, to obtain specific visitation rights and a reduction in his required child support payments. The wife countered with motions to hold Lambert in contempt of court for failure to make child support payments, and sought also a judgment for arrearages for past due payments.
During the pendency of the proceedings, the appellee remarried her present husband, Theodore Dracos. After the marriage, Dracos sold his home and, with some of his children from a previous marriage, took up residence with appellee in the parties' former marital home. Subsequently, appellee made an addition to the home which was valued at $5,500.
Besides Lambert's financial difficulties following the dissolution, the record shows that there was continuing animosity between Lambert and his former wife. The appellee and Dracos first offered to assume payments on the second mortgage if Lambert agreed to relinquish his interest in the marital home. Lambert refused this offer. Next, the appellee and Dracos consulted with their attorney who, in turn, recommended that Dracos obtain an assignment of the second mortgage from the bank and then commence foreclosure. Following those instructions, Dracos obtained the assignment and immediately thereafter commenced foreclosure. In that action, Dracos did not join the appellee. A foreclosure decree was entered, and a sale was subsequently held, culminating in Dracos purchasing the property for $100.[1]
The record clearly reveals that Dracos and appellee's purpose in foreclosing was to eliminate Lambert's equity interest in the marital home, which was shown to be approximately $24,000. This figure was arrived at as follows: The stipulated value of the house at the time of foreclosure was $75,000. The remaining balance on the first mortgage was about $15,000, and on the second mortgage, roughly $8,000. Thus, Lambert and his wife jointly had about $52,000 of equity. After subtracting the value of the addition to the property after the remarriage ($5,500), and then equally dividing the balance, we find that the appellant, on paper, has nearly a $24,000 equity in the home.
The appellant argues five points on appeal, four of which we find to be without merit and we do not address. We confine our decision solely to the issue of whether the lower court erred in denying partition of both realty and personalty. We agree that the trial court erroneously concluded that partition of the marital home could not be granted. The basis of the court's holding was that under the terms of the original decree, the wife had exclusive use of the home for the purpose of raising the parties' minor children and, thus, the husband did not have the right to immediate possession. Cf. Weed v. Knox, 157 Fla. 896, 27 So.2d 419 (1946). This holding, however, ignores the rule that a spouse's right, as custodian of the children of the dissolved marriage, to exclusive possession of a marital home granted by a dissolution decree terminates upon that spouse's remarriage. Strollo v. Strollo, 365 So.2d 189 (Fla. 1st DCA 1978); Bailey v. Bailey, 361 So.2d 204 (Fla. 1st DCA 1978); Singer v. Singer, 342 So.2d 861 (Fla. 1st DCA 1977); Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA 1976); Abella-Fernandez v. Abella, 393 So.2d 40 (Fla. 3d DCA 1981). The reason behind the above stated rule is to avoid imposing on the former husband the obligation of providing shelter and habitation for his ex-wife's new spouse. Abella-Fernandez v. Abella, 393 So.2d at 41. Remarriage, then, *487 is unquestionably evidence of a substantial change in circumstances for purposes of a modification of a dissolution decree entered pursuant to Chapter 61, Florida Statutes.
Modification of a provision in a dissolution award granting exclusive use and possession of property for the benefit of the children is permissible at any stage of the dissolution proceedings. Horn v. Horn, 398 So.2d 935 (Fla. 3d DCA, 1981). But cf., Covin v. Covin, 403 So.2d 490 (Fla. 3d DCA 1981). Therefore, the lower court erred in refusing to modify the original decree to reflect that appellee no longer has the right to exclusive possession of the marital home.
Lambert properly requested partition incident to his request to modify. See Horn, supra. Because he met the pleading requirements of § 64.041 governing partition, see Cyphers v. Cyphers, 373 So.2d 442 (Fla.2d DCA 1979), and because he had a right to immediate possession through modification of the original dissolution decree, he now has a right to partition as a tenant in common. Condrey v. Condrey, 92 So.2d 423 (Fla. 1957). Because we held in the companion case, Lambert v. Dracos, 403 So.2d 481, that the foreclosure proceeding on the second mortgage was invalid, Lambert's one-half interest in the marital home remains, and he thus demonstrates the requisite standing to request partition.
The lower court may wish to consider as a proper exercise of its discretion whether Lambert's right to partition the former marital home would not be best achieved by consolidating the mortgage foreclosure and partition actions into one proceeding. It has long been observed that equity rejoices in doing complete justice, and not by halves. Skillman v. Baker, 142 So.2d 113 (Fla. 1st DCA 1962). Moreover, equity can intervene to protect a multiplicity of suits. See Realty Bond and Share Co. v. Englar, 104 Fla. 329, 143 So. 152 (1932); Connell v. Mittendorf, 147 So.2d 169 (Fla. 2d DCA 1962). And, finally, equity may stay its own proceedings and consolidate causes for trial. See Terra Ceia Estates v. Taylor, 68 Fla. 261, 67 So. 169 (1914).
The equitable remedies of partition and foreclosure are compatible in the instant case. A mortgagee is a proper party defendant in a partition suit, Miles v. Miles, 117 Fla. 884, 158 So. 520 (1935), and a defendant to a partition suit may be allowed, as part of the partition proceedings, to foreclose a mortgage on part of the land sought to be partitioned. See Burney v. Dedge, 56 So.2d 715 (Fla. 1952). Therefore, now that the foreclosure decree has been vacated, should Dracos elect to file a subsequent foreclosure action against appellant, the trial court may wish to decide whether it should be done incidental to any partition suit which appellant may wish to prosecute. Thus, the trial court, if it desired, could adjudicate the several rights of the parties in a consolidated proceeding and thus avoid a multiplicity of suits. Miles v. Miles, supra.
A further question remains as to whether Lambert is entitled under Chapter 64, Florida Statutes, to a partition in kind or an outright sale of the property. Lambert alternatively prayed for both remedies in his petition. However, he did not plead an uncontested allegation that the marital home was indivisible pursuant to Section 64.061(4). Therefore, on remand, the trial court should permit Lambert to amend his petition by alleging, if he can, that the home is nondivisible. Moreover, it may be necessary for the court to appoint three persons as commissioners to make a report concerning whether partition can be made without prejudice to the owners. See Section 64.061 and 64.071(1), Florida Statutes. The latter section provides:
If the commissioners report that the lands of which partition is directed are so situated that partition cannot be made without prejudice to the owners and if the court is satisfied that such report is correct, the court may order the land to be sold at public auction to the highest bidder by the commissioners or the clerk and the money arising from such sale paid into court to be divided among the parties in proportion to their interest.
*488 If a partition sale is ordered below, all of the rights of the parties could be adjudicated in one proceeding, and the sales involved in the two actions could be "divided among the parties in proportion to their interest." Section 64.071. It has been observed that a judicial sale which is conducted to carry out the provisions of a suit for partition is governed by the same general provisions as a suit for foreclosure. See Grable v. Nunez, 66 So.2d 675 (Fla. 1953); 12 Fla.Jur.2d, Cotenancy and Partition, § 105 (1979). Thus, should the court decide to consolidate the two actions, the traditional equitable rules as to priority of liens and equality of distribution should be followed in the partition proceeding. Some adjustment should be made in favor of the appellee and Dracos for the improvements to the property to the extent that it adds to the value of the property. See 12 Fla.Jur.2d, Cotenancy and Partition, § 67.
We do not intend by this opinion to foreclose the possible remedy that the parties may voluntarily agree to cooperate and jointly sell the property without the aid of the court to maximize the sale price. See In re: Marriage of Jones, 357 So.2d 439 (Fla. 2d DCA 1978). Or, the parties may wish to arrive at their own settlement, which may prove to be the most equitable to all parties concerned. Cf. Sherlock v. Sherlock, 396 So.2d 196 (Fla. 1st DCA 1981).
Lambert also complains that the lower court erred in not equitably distributing the personal property involved in the dissolution proceedings. We also agree. As to his right to partition the personal property, the same analysis as to the marital home applies. See § 64.091, Fla. Stat. Also, a cotenant may bring an action against the other cotenant in possession who sells or disposes of property which is jointly held without the consent of the other cotenant. See Hyer's Exrs. v. Caro's Exrx., 17 Fla. 332 (1879), 12 Fla.Jur.2d, Cotenancy and Partition, § 26. "A cotenant who sues for partition may pray, in addition to an actual partition of the common estate, for an accounting of the rents, issues, and profits of the estate which have been received by the other cotenant over and beyond the latter's just share." 12 Fla.Jur.2d, Cotenancy and Partition, § 64. Although Lambert did not specifically pray for an accounting concerning the personal property, a court of equity can mold a remedy to fit the substance of a complaint, as all prayers in equity are considered to pray for general relief. See Circle Finance Co. v. Peacock, 399 So.2d 81 (Fla. 1st DCA 1981).
The order of the lower court is reversed as to the issues concerning partition and distribution for further proceedings consistent with this opinion.
BOOTH and JOANOS, JJ., concur.
NOTES
[1] In a related appeal, Lambert v. Dracos, 403 So.2d 481, (Fla. 1st DCA, 1981), we held that the foreclosure decree was invalid because Dracos had failed to join Mrs. Lambert as an indispensable party.