407 So.2d 372 (1981)
George T. CANNON, Jr., Appellant,
v.
Linda P. MORRIS, Appellee.
No. YY-271.
District Court of Appeal of Florida, First District.
December 18, 1981.
Michael Gillion of Brown, Hudgens, Richardson, Whitfield & Gillion, Mobile, Ala., for appellant.
No appearance for appellee.
JOANOS, Judge.
The former husband appeals from a summary judgment ruling against his complaint seeking partitioning of the marital home which he owns as a tenant in common with the former wife. We reverse.
The marriage of appellant George Cannon and appellee Linda P. Morris was dissolved in 1977. In its order dissolving the marriage, the lower court incorporated a document entitled "Stipulation and Property Settlement Agreement" entered into by the parties, in which it was agreed that the wife would have the exclusive use and possession of the marital home until the minor children become 18 years of age, marry, die or become self-supporting.[1]
*373 In 1980 appellant filed a complaint seeking a partitioning of the marital home. Appellant submitted an affidavit indicating that the appellee had remarried, and that her new husband had remodeled the home for his own purposes. The appellee moved for summary judgment, arguing that this proceeding was rendered res judicata by virtue of the property settlement agreement. Summary Judgment was granted to appellee and this appeal ensued.
Appellee had also moved for attorney's fees based on either the complete absence of a justiciable issue of law or fact, pursuant to Section 57.105, Florida Statutes (Supp. 1978), or appellee's success in defeating the partitioning, pursuant to Section 64.081, Florida Statutes (1967). Without stating the basis for its order, the lower court in the order appealed from awarded attorney's fees to the appellee.
Appellant argues that the summary judgment was improper and that he was entitled to have the property partitioned. His second point is that the attorney's fee award was improper. We agree on both points.
In regard to the issue of partitioning, we must first analyze the effect of the "Stipulation and Property Settlement Agreement." If this was a true property agreement, we are confronted by the legal principle that property settlement agreements are usually not subject to modification without the consent of the parties. Johnson v. Johnson, 386 So.2d 14, 15 (Fla. 4th DCA 1980); 25 Fla.Jur.2d Family Law §§ 392-393 (1979). Further, if the agreement is not subject to modification, the appellant cannot have an immediate right to possession of the home, and, therefore, the general rule of law, that a tenant in common who has no immediate right to possession of property has no right to seek a partitioning, is applicable. Pollack v. Pollack, 159 Fla. 224, 31 So.2d 253 (1947).
However, with regard to modification of the purported property agreement, it is the contents and not the title of a document that determine whether it is in the nature of a property settlement agreement. Fleenor v. Fleenor, 35 Fla. Supp. 135, 136 (Fla. 15th Cir.1971). In Horn v. Horn, 398 So.2d 935, 937 (Fla. 3d DCA 1981), a case involving a purported property settlement agreement, the term "exclusive use and enjoyment of the marital home" was viewed as a term of art, awarding possession of the marital home as a temporary incident of child support rather than as part and parcel of a property settlement agreement. Implicit in Horn is the recognition that child support agreements, unlike property settlement agreements, are always subject to judicial modification whenever there is a change in circumstances from the time of the award.
We believe that the rationale of the Horn case is sound. The document before us included provisions for child custody and support as well as ones pertaining to the division of property. A study of that agreement makes it clear that the granting to the wife of the exclusive use and possession of the home was an incident pertaining to child custody because it was to last only until the children who were placed in the wife's custody reached majority, married, died or became self-supporting. Further, the agreement retained the character of the parties' ownership of the property as being tenants in common.
Remarriage of the spouse in possession of the marital home is a change in circumstances, and it also terminates that individual's right to the exclusive use and possession of the marital home. It restores to the *374 spouse out of possession a right to immediate possession and concomitant with that right, the right to seek a partitioning of the property. Lambert v. Lambert, 403 So.2d 484 (Fla. 1st DCA 1981); Strollo v. Strollo, 365 So.2d 189 (Fla. 1st DCA 1978). Therefore, we reverse the summary judgment.
Regarding the award of attorney's fees, Section 64.081, Florida Statutes, provides for an award of attorney's fees in a partitioning action, but it is improper to award fees pursuant to this statute in the absence of a partitioning. Wilisch v. Wilisch, 335 So.2d 861, 866 (Fla. 3d DCA 1976). Because there was no partitioning below, it seems implicit that the trial court found a lack of justiciable issue of law or fact in this case and awarded fees pursuant to Section 57.105, Florida Statutes. Due to our reversal of the summary judgment there was, quite obviously, a justiciable issue and the award of attorney's fees was improper.
We therefore REVERSE and REMAND this case for further proceedings not inconsistent with this opinion.
ERVIN and WENTWORTH, JJ., concur.
NOTES
[1] The wife shall have the exclusive use and occupancy of the marital residence located at 3201 Rothschild Drive, Pensacola, Florida, until each of the minor children reach the age of 18 years, marry, die or become self-supporting, whichever event shall first occur. The wife shall be solely responsible for the mortgage payments, taxes, insurance and any alterations, except that the husband shall share equally with the wife the cost of any major repair to the home or its fixtures.
7. When and if the marital home is sold, the wife shall be credited for all payments made by her in excess of her obligation as a tenant in common for mortgage principal and interest, taxes, insurance and repairs done in order to prepare the home for sale. Remaining balance shall be divided equally.
(emphasis supplied)