COWART, Judge.
This is an appeal from an order granting a motion to stay a suit for partition of a former marital home.
*862 Appellant and appellee were divorced January 2, 1980, and the father was awarded custody of the parties’ two minor sons. Although at the time of the divorce the trial court did not award either party exclusive possession of the parties’ jointly owned marital home, the father and the minor children remain living there. Subsequent to the divorce, the mother filed a complaint for partition. The father’s answer was, in effect, a confession and avoidance; he admitted the parties were now tenants in common and the property was indivisible, but alleged the minor children needed the home to live in and therefore requested the court stay the proceeding until such time as the children reached majority or ceased to live on the premises. Without taking any testimony, the trial court entered an order finding that it was in the best interests of the children that they be allowed to remain living in the former marital home and stayed the partition action until further order of the court on the condition the minor children remain in the father’s custody and reside on the premises. Additionally, the husband was ordered to make all mortgage payments on the property.
On appeal, appellant admits that the right to partition is not absolute, but contends it should only be denied in extreme cases, where granting the remedy would result in manifest injustice, see, e.g., Condrey v. Condrey, 92 So.2d 423 (Fla.1957); Sudholt v. Sudholt, 389 So.2d 301 (Fla. 5th DCA 1980), and argues that the instant facts are not sufficient to justify denying the remedy. However, the instant facts are analogous to the common situation where the cotenants were previously married and one party was awarded custody of the minor children and exclusive use of the property sought to be partitioned. See, e.g., Duncan v. Duncan, 379 So.2d 949 (Fla.1980); McRae v. McRae, 52 So.2d 908 (Fla.1951). In the latter situation, partition is denied. See, e.g., Wilisch v. Wilisch, 335 So.2d 861 (Fla. 3d DCA 1976); Richardson v. Richardson, 315 So.2d 513 (Fla. 4th DCA 1975). Cf. Hoskin v. Hoskin, 329 So.2d 19 (Fla. 3d DCA 1976) (partition denied a husband, where wife was awarded “exclusive possession” until the house could be sold). Appellant would distinguish the above case law since the trial court in the instant case did not originally award the husband exclusive possession of the marital home. We disagree and think the case of Richardson v. Richardson, 315 So.2d 513 (Fla. 4th DCA 1975), is instructive. There, the parties were divorced by a final decree awarding custody of the two minor children to the husband but silent with regard to the jointly owned marital home. The wife subsequently sued for partition. The husband then moved to modify the divorce decree to award him exclusive possession. When this was accomplished, he then used the divorce decree modification to successfully defend the partition action.
An award of exclusive possession is a form of child support and the trial judge may ultimately be correct in his assumption that children need a home and that a non-custodial parent always has the ability to meet that need to the extent of providing the children with the use of that parent’s undivided interest in what was the marital home, especially when, as here, the custodial parent is required to pay the expenses (mortgage payments) relating to such interest. However, in this instance there was no petition for modification of the divorce judgment framing issues as to the needs of the children and the mother’s ability to provide this form of support and no testimony on those issues. Therefore, we reverse to permit the custodial parent in this case to move to stay the partition action and to proceed along the lines followed by the custodial parent in Richardson.
Appellant’s motion to expedite is granted and oral argument is waived.
REVERSED AND REMANDED.
ORFINGER and SHARP, JJ., concur.