NESBITT, Judge.
A judgment dissolving the parties’ marriage left them as tenants in common of the marital home with the wife awarded exclusive possession of the property. Many years later, the wife became ill and journeyed to another state leaving the home uninhabited. During this time, the unoccupied home became uninsurable and subject to foreclosure under the terms of the existing mortgage. Thus, the husband brought a suit for partition under chapter 64, Florida Statutes (1981). The wife filed an answer setting up her right of possession under the judgment of dissolution. The trial court denied the husband’s complaint for partition. The wife appeals from *78 the post judgment order denying her motion for attorney’s fees. We reverse.
In denying the fee award, the trial court stated that while the facts would ordinarily justify an award of fees in favor of the wife, the decision in Wilisch v. Wilisch, 335 So.2d 861 (Fla. 3d DCA 1976) precluded recovery where the suit was one for partition and partition was not granted. We find that the trial court correctly determined that in the absence of a partitioning, no fees may be awarded under section 64.-081, Florida Statutes (1981). Cannon v. Morris, 407 So.2d 372 (Fla. 1st DCA 1981).
Nonetheless, because the suit for partition was in effect a petition for modification of the divorce decree, section 61.16, Florida Statutes (1981), may be the basis for an award of attorney’s fees. See Wil-isch. In view of the trial court’s finding that the financial positions of the parties would otherwise justify a fee award, we reverse and remand to the trial court for a determination of the proper fees.